SARAH A. MATTHEWS, Respondent, *v.* SACKET L. DURYEE, Appellant.

DOWER. INCHOATE RIGHT OF DOWER OF THE WIFE. FORFEITURE OR WAIVER OF RIGHT OF DOWER. DEMAND. PRACTICE. REMEDY. RULE CONCERNING FORFEITURE OF RIGHT OF ACTION. EXCEPTION. APPEAL REVIEW.

The inchoate right of dower of the wife is as much entitled to protection as the vested rights of the widow ; and her right of dower in the surplus remaining after the payment of mortgages foreclosed upon lands in which she had a dower right, subject to the prior lien of the mortgages, cannot be affected by the question, whether the sales upon the foreclosure suits took place before or after the death of her husband. (*Mills* v. *Van Voorhies*, 20 N. Y. 412.).

Neither does she waive or lose her right of dower in such surplus, nor her right of action to recover the same from a trustee of her husband's creditors (to whom, by order of the court, the same, after foreclosure, was, upon application of the trustee, paid over), by reason of her neglect or omission to assert her claim, either during the pendency of the foreclosure suits, or upon the application of the trustee for distribution to him of such surplus, or in a suit subsequently brought by such trustee against the creditors of her husband to settle the order of payment and enable him to close his trust, to which suits in foreclosure and for a settlement she was made a party defendant, and served with a summons, but failed to appear.

A demand for "dower" made on a party holding funds in which the claimant has a dower interest is good. It need not state the precise amount claimed.

The rule, that, where a party to an action can enforce a remedy, but neglects to do so, he cannot resort to a new and independent action to accomplish the same result, can be invoked, only where the right in question not only exists, but where there is full opportunity to assert the right, and ask for the remedy, in an action affording opportunity to present the claim ; and where an issue is or can be legitimately framed to try it, and the court has jurisdiction both of the parties and of the subject-matter.

An exception to the finding of the amount of dower interest due to the widow in the surplus after foreclosure and sale of her husband's estate, without indicating in what respect the same was erroneous, presents no legal proposition to this court for review.

The able dissenting opinion of WOODRUFF, J., concurred in by two of the judges, will doubtless serve, in the minds of some, to render the decision less authoritative as a final and controlling determination of the issues involved, than it would otherwise be regarded. At least, very slightly altered circumstances will seem to justify an effort to overrule this decision, or to have its application confined to cases strictly parallel.

THIS action was brought to recover dower in surplus funds, arising from sales under decrees of foreclosure.

Plaintiff is widow of Charles S. Matthews, deceased, who owned in fee simple, during the marriage, the real estate described in the pleadings.

These lands were subject to three mortgages, in two of which the plaintiff joined, the third being for part of the purchase-money.

On the 30th of September, 1857, the husband of plaintiff made a general assignment to the defendant, Duryee, in trust for the benefit of creditors, in which plaintiff did not join.

In 1858 and 1859, these mortgages were severally foreclosed by actions in the Supreme Court, and this plaintiff and her husband were made parties defendant, but did not appear.

The lands were sold under the decrees of foreclosure, and a surplus of $11,007.87 was realized, over and above the mortgage debts and costs.

The defendant, during the life-time of plaintiff's husband, applied to the court for the surplus fund, and the whole amount was paid over to him in 1858 and 1859, and still remains in his hands.

In 1859 the defendant, Duryee, brought an action in the Supreme Court to obtain the advice of the court as to the rights and priorities of certain creditors, and enable him to close the trusts, etc., under the assignment, in which action this plaintiff was made a party defendant, but has not appeared. That action is still pending.

Charles S. Matthews, the husband of plaintiff, died February 1, 1861, leaving plaintiff, his widow, and C. S. Matthews, Annie E. Hays, and Sophia S. Matthews, his children.

Duryee alone answered in this action.

Plaintiff demanded her dower of the defendant, Duryee, before this action was brought, and he refused to pay on such demand.

The cause was tried at Special Term in New York city, in October, 1862, before Hon. R. W. PECKHAM, and judgment rendered in favor of plaintiff, for the value of her dower in

the surplus fund. It was admitted on the trial, that plaintiff was forty-five years of age on the 10th day of September, 1861.

On appeal by defendant, Duryee, to the General Term, the judgment was affirmed, and he appeals to this court.

*Marsh, Coe & Wallis,* for the appellant.*

I. By the proceedings in the foreclosure actions, and the proceedings in said action in relation to the surplus moneys, the plaintiff is precluded from maintaining the present action for dower in such surplus.

1. She was a party defendant to the foreclosure actions, and duly served with summons therein. She did not appear. This omission was from her own choice, and cannot prejudice the rights of other parties. She had, in that action, three different modes of protecting her interest. She availed herself of none of them, but neglected them all.

(*a*) She might have appeared and answered in that action ; and, in her answer, set up her inchoate right of dower; and the court, by the decree, would have protected her interest and provided for it. She could thus have appeared and answered, without the appointment of guardian or next friend. (Code, § 115.)

(*b*) Or, she might simply have put in an appearance, without answer ; and then, under rule seventy-six, she would have been entitled to actual notice of all proceedings in relation to the surplus.

(*c*) Or she might have filed a notice of claim to her interest in such surplus moneys, with the clerk where the reports of sale were filed, in the manner pointed out by the said rule.

(*d*) Indeed, she has since had one other opportunity to set up her claim. (See post, subd. 5 of this point.)

---

* At the risk of seeming to incumber this volume needlessly with unavailing arguments, the questions herein discussed are themselves of such interest, and are so thoroughly considered, as to justify the insertion of the argument entire. It has this use at least — if the best and strongest presentation of a case prove thus unavailing — surely no less substantial argument may be relied upon hereafter to reverse the decision.     Reporter.

2. On the sale under this decree of foreclosure, the surplus moneys were paid into court, pursuant to the statute.

The statute in this respect is : " And if there shall be any surplus, it shall be brought into court for the use of the defendant, or of the person who may be entitled thereto, subject to the order of the court. (2 N. Y. Statutes at Large, p. 200, § 159 ; rule 72 accords.)

Such an order was duly obtained in this case, on notices filed with the clerk where each of the reports were filed, directing the payment of such surplus to the defendant as assignee of the mortgagor ; all which proceedings were regular according to the rules and practice of this court.

Now the plaintiff had a right, under rule 76, to have filed with the clerk where such reports were filed, a notice claiming an interest in such surplus moneys, and she would have her rights adjudged — either on a reference to be obtained by herself, or on notice of the reference procured on defendant's notice — but she did not file such claim. Upon those facts, we say,

3. That the plaintiff, by neglecting to appear in said foreclosure suit, and by neglecting to file her claim for such surplus, has lost her rights therein. The law holds her to the abandonment.

(*a*) The proper course for the plaintiff to pursue was either to make her claim in the foreclosure action, or on application for the distribution of the surplus money.

The recent cases which have more particularly established the wife's right to dower in such surplus moneys have been decided on her application while such moneys were still in the custody of the court. (*Denton* v. *Nany,* 8 Barb. 618 ; *Vartie* v. *Underwood,* 18 Barb. 561.)

(*b*) The fact that the plaintiff remained inactive and silent so long, when she had every opportunity of making her claim, will be construed by law into an abandonment, or the prosecution of her claim now as a fraud upon the rights of third parties, to whom the moneys were legally awarded. (*Dougrey* v. *Topping,* 4 Paige, 94.)

Where real estate of a decedent was sold under a sur-

rogate's order — the order declaring that a clear and satisfactory title was to be given, the administratrix being the widow — then making no claim for dower, held that it would be a fraud upon the purchaser to allow her to prosecute her claim after sale, and the court enjoined her from so doing.

(*c*) It is immaterial whether the plaintiff had notice of the proceedings in relation to the surplus moneys or not. She was a party to the original foreclosure actions, and by not appearing waived her right to notice.

On her own application, while said moneys were still in the custody of the court, she could have had her rights and interests therein passed upon and decided. She did not choose to make such application; and now, after a judicial investigation and determination on which she had every right and opportunity to be heard, she comes and asks the court to grant her the very thing that has by its determination been already denied her.

The general rule is, that where a party to an action can enforce a remedy therein, but neglects to do so, he cannot resort to a new action for the same relief without excusing his neglect. (*Van Vleck* v. *Clark*, 24 How. 190; 88 Barb. 316, 318; and see *Canfield* v. *Monger*, 12 Johns. 347.)

That matter which would have been a defense to an action cannot be made subject of a subsequent suit.

4. The order of the court, disposing of these surplus moneys, is conclusive on all parties, and cannot, in this action, be disturbed.

(*a*) It was made in due form, under and by virtue of the statute above cited. (2 Stat. at Large, 200, § 159.) And also in accordance with the rule of this court, which provides a mode of carrying out the statute.

(*b*) This statute expressly makes the surplus money paid into court subject to the order of the court. The court, here, made their order in due form, and in all respects according to its rules and practice.

(*c*) On the judgment, as it now stands, there are two judgments of this court, relating to the same fund, in hostility to each other.

(*d*) The only mode of changing the disposition of this fund, as made by the order in the foreclosure case, was either to move in that action, to open or amend that order, or to appeal therefrom. It cannot be assailed by a new action. (See cases before cited.)

(*e*) This order of the court disposing of the surplus moneys, is in the nature of a former adjudication, and as such concludes the plaintiff and protects the defendant. (*Acker* v. *Ledyard*, 4 Seld. 62.)

Where it was held that an order directing moneys collected by a sheriff, about which there was dispute, to be paid into court, protected the sheriff in an action by a party who claimed to be entitled thereto, although she established her right at the trial.

The court holding that she should have made application to the court for the money, as here she should have made application for her interest in the surplus. (*Demarest* v. *Darg*, 29 How. 266; *McLean* v. *Tompkins*, 18 Abb. 24.)

(*f*) In *Burr* v. *Bigler* (16 Abb. 177–183), this court at General Term held an order of the court made at Special Term conclusive on every one who had a right to make a defense or control the proceedings, whether nominally parties or not, and that, having neglected to oppose the motion, they could not maintain an action for the relief they should have sought in the motion. (See also *McLean* v. *Tompkins, supra.*)

5. The plaintiff, by bringing this action, affirms the orders by which the surplus moneys were paid to the defendant.

Her whole and only claim is based on the fact that said surplus moneys were paid to the defendant pursuant to those orders.

The plaintiff, therefore, claims the benefit of the orders as against the defendant, and to avoid them as against herself.

This cannot be done. The orders are a whole, and are good as a whole.

There is no pretense that they were in any way irregular. The court has found them to be regular.

The orders being regular bind all parties to the actions in which they were made, until modified or set aside.

The only remedy to which the plaintiff was entitled, if to any remedy, was an application to the favor of the court to have such orders modified as to her alleged claim. (Judge SUTHERLAND's opinion.)

6. The plaintiff should have set up her claim in the action brought by the defendant for the settlement and closing up of his matters as assignee.

(*a*) In this action the claim and rights of the plaintiff could have been fully passed upon and decided.

It is the fourth opportunity and mode that has been afforded her of asserting her claim, but she has neglected so to do, and must be held to have abandoned her claim for dower.

(*b*) The pendency of that action should be a bar to the present one.

The same question is being litigated there as here, *i. e.*, the right of the plaintiff to dower in said surplus.

II. There is no evidence or admission in the case that the defendant, Duryee, had, at the time of the commencement of this action, or since, sufficient funds in his hands to pay the plaintiff's claim, or any funds.

1. The action is not brought against the defendant personally, but on the assumption that the plaintiff is entitled to a certain interest in the surplus moneys, and is entitled to follow them wherever they may be. Hence, if the defendant, in performance of his trust, had paid said moneys to any persons, they, and not the defendant, would be proper parties to the action.

2. Indeed, this action is an action *in rem*. It is for the admeasurement of dower. It is for the thing itself. Her right was to one-third of the land or its proceeds.

III. The judgment for the specific sum of $2,340.35 is erroneous, and cause for reversal. Because —

1. It does not appear from the case on what basis the judge made his calculation. For aught that appears, it may have been a mere arbitrary decision, and the judge might as well have fixed upon $5,000, or any other sum.

If it shall be said that it was an attempt to get at her rights on the annuity principles established by the eighty-fourth rule of this court, then the judgment is erroneous, because there is not proved any agreement or consent to accept a gross sum in lieu of her dower interest, as required by said rule.

2. The judge found the sum of $2,255.21 to be the amount of her dower right in said surplus funds at the time of the trial.

And then allowed interest on that sum from the com-mencement of the action.

This is manifestly erroneous.

IV. No sufficient demand, before suit, was proved on the trial. The demand simply was " of her dower in the surplus fund."

" Dower," which she demanded, is a right or title, and not susceptible of delivery. It was not possible to comply with her demand.

The demand should have been for payment of one-third part of the surplus money then in the hands of the defendant.

V. The admitted creditors of Matthews should have been made parties defendant.

1. They have an interest in the matter adverse to that of the plaintiff, and also have a right to be heard on the appli-cation of the plaintiff, for the disposition of the fund which is, *prima facie*, for their benefit.

*W. Gleason*, for the respondent.

I. The plaintiff is entitled to be endowed of the surplus which remains after paying the mortgage debts and costs. (*Hawley* v. *Bradford*, 9 Paige, 200.)

The surplus stands in the place of the land, after enough has been carved out to pay the mortgage debts. (*Tarbele* v. *Tarbele*, 1 Johns. Ch. 44; *Denton* v. *Nanny*, 18 Barb. 618; *Vartie* v. *Underwood*, id. 561; *Mills* v. *Van Voorhies*, 23 id. 125; 20 N. Y. 412.)

It is not material whether the foreclosure sales were before or after the death of the husband. " The inchoate rights of

the wife are as much entitled to protection as the vested rights of the widow." (*Mills* v. *Van Voorhies*, 20 N. Y. 412, 420.)

It is conceded by defendant, that plaintiff was entitled to dower in this surplus fund; but it is insisted on the part of the defendant that the plaintiff has been deprived of this right by her omission to assert it in certain suits and proceedings mentioned in the answer.

II. The right of the plaintiff to recover dower in this fund has neither been lost nor impaired by any of the actions or proceedings mentioned in defendant's answer.

1. The right which the plaintiff seeks to enforce by this accrued on the death of her husband, February 1, 1861.

The actions and proceedings referred to in the answer were all commenced during the life of the husband; and all terminated before his death except the suit brought by the defendant to determine the rights and priorities of creditors, and this was pending and at issue nearly two years before, and at the time of his decease.

The defendant still holds the fund as trustee for the parties legally entitled to it.

The defense relied upon is therefore simply this; that the plaintiff has lost or waived her right to be endowed of the estate of her deceased husband, because she failed to assert her inchoate right of dower before his death.

The vested right of the widow to be endowed of the estate of her husband, is paramount to the claims of the creditors of the husband; and it is respectfully submitted that there is no rule of law or equity which required the plaintiff in this action to assert her right of dower during the life of her husband, at the risk of being deprived of that right upon his decease.

2. The plaintiff's right of dower was not a proper subject for adjudication in the foreclosure suits. (*Lewis* v. *Smith*, 5 Seld. 502.)

The mortgagees had no interest in conflict with plaintiff's dower right in the surplus fund, and she lost no right by omitting to appear in those actions.

4. The plaintiff had no notice of the proceedings of defendant, to possess himself of the surplus fund in question.

The defendant was adjudged to be entitled to this surplus only, as against those who were legally before the court in those proceedings. Nothing has been adjudged as to the rights of the plaintiff. Neither the defendant nor the creditors have parted with anything, nor have they sustained any injury by reason of the plaintiff's omission to assert her rights in those proceedings.

5. The plaintiff was not called upon to assert her right of dower in the action brought by defendant to determine the priorities of creditors, etc.

Because, the complaint in that suit contains no allegations in regard to her dower right in the surplus fund — no allusion is made to her right as dowress, in any of the actions or proceedings which are relied upon to defeat her recovery in this suit.

" The dowress is in the care of the law, and a favorite of the law." (44 Barb. 370; 1 Story's Eq. § 629.)

And it would be a strange application of this rule, to require the dowress to assert her claim in every action in which she was named as a defendant, whether any allusion was made to her right or not.

III. The plaintiff's only remedy to recover her dower in this fund is by suit.

The proceedings by which the defendant possessed himself of the fund were terminated during the life of plaintiff's husband. The court had parted with the custody of the fund. The death of the husband rendered it necessary to bring in his heirs, or representatives, because they were interested in the surplus, and had the right to contest the plaintiff's claim to dower.

The remedy, by motion, to open the proceedings for distribution of the surplus, was inadequate, because the fund was not in the custody of the court, and because the necessary parties could not be brought in by motion.

But if this were otherwise, the plaintiff has the right to choose her own remedy. It does not lie with the defendant

to insist that, because the plaintiff might have adopted some other remedy, she must be defeated in this action.

The plaintiff had a clear right of action against the defendant, which arose after he obtained possession of the fund.

He held a fund, to part of which she was entitled. He refused to pay her upon demand, and it is difficult to understand why she should be deprived of the usual and ordinary remedy in such cases.

IV. The demand of dower was sufficient. But, whether this be so or not, is only material upon the question of costs. It was admitted upon the trial that plaintiff demanded her dower.

V. The creditors of the husband were not necessary parties. Their interests are represented by the defendant. Creditors are necessary parties only when the object of the action is to carry out the assignment. ( *Wakeman* v. *Grover,* 4 Paige, 23; 11 Wend. 187; 4 How. 379.)

VI. The facts were admitted from which plaintiff's dower could be computed and ascertained. She was 45 years of age on the 10th of September, 1861. The computation was made in accordance with the 84th rule of the Supreme Court; and the present value of plaintiff's dower right was found to be $2,225.21.　·

The plaintiff is satisfied with this sum, and it does not lie with the defendant to complain.

BACON, J. That the plaintiff is endowable of the surplus which remained after the payment of the mortgages which had been foreclosed, is too well settled to be questioned. (*Hawley* v. *Bradford,* 9 Paige. 200 ; *Vartie* v. *Underwood,* 18 Barb. 561.) Nor will her right be affected whether the sales upon the foreclosure suits took place before or after the death of her husband, for it has been decided in this court that the inchoate right of dower of the wife is as much entitled to protection as the perfected or vested rights of the widow. (*Mills* v. *Van Voorhies,* 20 N. Y. 412.) Indeed these propositions are not denied by the counsel for the

defendant, but the ground of defense here is, that she has lost her right to make such claim in this suit by reason of her omission to assert it either during the pendency of the fore-closure suits or upon the application after the sale for the distribution of the surplus, or in the suit subsequntly brought by the defendant against the creditors of the husband to settle the order of payment, and enable him as assignee of the deceased husband to close his trust. To both suits the plaint-iff was made a party, and a summons was served upon her, but in neither did she appear, or put in any answer. The question is, whether, by reason of such non-appearance in these actions, and by her failure to file a notice and make a claim for the surplus moneys, she is precluded from main-taining the present action claiming dower in the surplus.

The judge, before whom the cause was tried, finds the facts upon which the defendant's counsel bases his claim to defeat the action; and he also finds, that she had no notice of the proceedings in relation to the distribution of the sur-plus money except the service of the summons in the fore-closure suits; that the suit of the defendant against the creditors of Matthews, to which the plaintiff was made a party, was for the purpose of obtaining the advice and direction of the court as to certain claims of creditors to priority of pay-ment, and to enable him to distribute the proceeds, and that such action was still pending and undetermined. It appears further in the case, that the defendant, Duryee, still has the fund in his hands undistributed to any of the parties for whose benefit the trust was created.

The age of the plaintiff was admitted on the trial, and also that she had, before the commencement of the suit, and after the death of her husband, demanded from the defendant her dower in the surplus funds, which the defendant had refused to pay. The judge held, as conclusions of law, that she was entitled to dower as claimed, and he determined the amount, and that she was not precluded from maintaining this suit by reason of the failure to appear and answer in the fore-closure suits, or to make a claim under the proceeding to distribute the surplus, and notwithstanding the pendency of

the action of the defendant against the creditors of Matthews, to which she was made a party.

I am of opinion that neither of the objections to the maintenance of this suit can be maintained:

I. The foreclosure suits, as well as the proceeding in reference to the surplus, and the suit of the defendant against the creditors, were all pending during the life-time of the husband, and all but the last terminated prior to his death. In the foreclosure suits the plaintiff's right of dower was in no respect in issue, and proved no subject of adjudication. She had united in two of the mortgages, and the third was for the purchase-money, as against these she had no dower right to assert. Whether she might have a claim in any event, could only be determined after the termination of these suits, and if no surplus remained after the sale, her right would never arise; as matters stood at the commencement, and during the progress of these suits, she had no claim whatever to assert, and she was in truth a merely formal party to the suit, and any judgment rendered therein could in no way pass upon or affect rights which might thereafter arise.

II. The proceeding by which the defendant possessed himself of the surplus moneys is not a bar to this suit. She had no notice of that proceeding save the service of the summons in the foreclosure suits, and that, clearly, was not sufficient at that time; her right was still inchoate, nor was it possible then to determine her interest even if she had appeared. In that proceeding the defendant was adjudged to be entitled to the surplus only as to those who were properly before the court upon the hearing. There is nothing in the nature of an estoppel to forbid the assertion of the claim now made in this suit. The defendant has parted with nothing, nor has he been induced to take any action by reason of her failure on that occasion to assert any right she may be supposed to have had. He stands as a naked trustee with no personal interest to be affected, no loss to be incurred from any decision that shall be made touching the distribution of the funds in his hands. The creditors have no rights superior to the equity of the plaintiff. She is a dowress, a favorite of the law, and

in a position where her rights can now be fully protected and enforced.

III. Neither can it be successfully contended that the suit of the defendant against the creditors of the husband, to which both the plaintiff and her husband are made parties, operates to prevent him from maintaining the present action. The object of that suit, as stated in the answer in this case, and as found by the court, was to enable the defendant to close his trust under the assignment, and obtain the advice of the court as to the order of payment. Why the plaintiff was made a party does not appear, and it is certain that there was no allegation in the complaint in that action in regard to her dower right in the surplus moneys, and no issue whatever has, or could be raised, whereby that subject could be brought into contestation, or any adjudication whatever rendered to determine her right. While it is true, as a general rule, that where a party to an action can enforce a remedy, but neglects to do so, he cannot resort to a new and independent action to accomplish the same result, yet this rule can only be invoked where the right not only exists, but where there was a full opportunity to assert the right, and ask for the remedy, in an action presenting or affording the opportunity to present the claim, and where an issue is, or can be legitimately framed to try it, and the court has jurisdiction both of the parties and of the subject-matter.

The defendant's counsel claims, that, by bringing this action, the plaintiff affirms both the regularity and the binding force of the orders by which the surplus money was paid to the defendant, and that the result would be that she will thus claim the benefit of the orders as against the defendant, and avoid them as respects herself. No such result follows from this action. It does not question the regularity of the orders so far as respects the parties concerned in and bound by them, and, so far as she is affected, there is no necessity for questioning the orders, for the only effect of them has been to bring the money into the hands of the defendant as a trustee for distribution to the parties entitled to share in

them, and the object and result of this action is to determine the amount of the plaintiff's interest therein.

It is insisted that the amount found by the judge for the dower interest of the plaintiff was erroneous. The counsel should have shown in what respect it is erroneous. It appears to have been made in conformity with the eighty-fourth rule of the Supreme Court, and the exception is simply to the finding, without indicating in what respect, if any, the judge erred in the computation. Such an exception, if the judge was right in his general conclusion, presents no legal proposition that this court is called to review.

The demand of dower, before the commencement of the action, was sufficient. It might, indeed, have been made precise and specific, by claiming one-third part of the surplus moneys then in the hands of the defendant. But the defendant was not misled by the character of the demand. He knew very well what it was the plaintiff sought, and not only indicated no intention of complying, but, as the case shows, admitted on the trial that he refused to pay the same, or any part thereof.

I am unable to see that any error was committed upon the trial, or in the judgment rendered, and am accordingly of opinion that it should be affirmed, with costs out of the fund.

WOODRUFF, J. (dissenting). I do not think it necessary to determine, on this appeal, the effect of a foreclosure of a mortgage, given by a husband and wife, upon the inchoate right of dower of the wife in the equity of redemption. Conflicting views upon the subject have been expressed.

On the one hand, that, as a consequence of the original making and delivery of the mortgage, and one which the parties must have contemplated as the result, if the mortgage debt is not paid, and by force of the power of sale, the surplus of the proceeds remaining after a sale and satisfaction of the decree becomes personal property, and payable to the husband or to those who claim in his right. As to which, see *Terry* v. *Neilson* (6 Johns. Ch. 457, where Chancellor KENT says this is clear); *Bell* v. *The Mayor, etc.* (10 Paige

55, opinion of Vice-Chancellor Ruggles); *Frost* v. *Peacock* (4 Edw. Ch. 678, 695).

On the other hand, that the inchoate right of the wife to dower attaches to the surplus which, *pro hac vice*, is still to be deemed real estate, and entitles her to claim that such inchoate and contingent right be recognized and protected by a reservation of one-third of such surplus, until it shall be known whether she will survive her husband, and that in case she so survive, she may, as widow, receive the thereafter accruing income of such one-third during her life.

As to which, see the analogy claimed to exist in case of a sale in partition (*Jackson* v. *Edwards*, 7 Paige, 408, 409), which, however, lacks the argument derivable from the existence of the power of sale by force of the mortgage executed by the wife, or to which the seizure of the husband and all right of dower was subject, if purchased subject to the mortgage — and, more directly to the point in question, *Denton* v. *Nanny* (8 Barb. 618), and *Vartie* v. *Underwood* (18 id. 564).

The views expressed in this court in the case of *Moore* v. *The Mayor*, etc. (8 N. Y. 110), go very far to sustain the conclusions first above stated. Gardiner, J., says: "In considering whether a wife can, even for public purposes, be deprived of her inchoate right of dower without her consent and without compensation, though a possibility which may be released, it is not, it is believed, the subject of grant or assignment, nor is it in any sense an interest in real estate. It is not of itself property, the value of which can be estimated, but an inchoate right, which, on the happening of certain events, may be consummated so as to entitle the widow to demand and receive a freehold estate in the land, if she survived her husband. * * While living, he, as owner, is entitled to and represents the absolute fee. * * Although the husband cannot deprive the wife of dower by alienating the land during coverture; yet he may forfeit it, as for treason, and she will be concluded. In the case under consideration, the land was taken against the consent of the husband by an act of sovereignty for the public benefit. The

only person owning and representing the fee was compensated by being paid its full value; the wife had no interest in the land, and the possibility which she did possess was incapable of being estimated with any degree of accuracy. Under these circumstances the legislature had the power, which I think they rightfully exercised, to direct that the value of the entire fee should be paid to the husband." The opinion of MASON, J., was to the like effect. The unanimous affirmance of the judgment would seem to be an adoption of these views.

Nor is this at all inconsistent with the cases by which it is well settled in this State, that a widow has dower in the equity of redemption of lands under mortgage, and that a foreclosure, though in the life-time of her husband, will not operate as a bar to such dower; it leaves her contingent right wholly unaffected. The statute gives such foreclosure, and a conveyance thereunder, no greater effect than a conveyance by the mortgagor and mortgagee, and to bar other parties of title subject to the mortgage, and a conveyance by the husband would not extinguish her inchoate right. (See *Lewis* v. *Smith*, 9 N. Y. 502; *Mills* v. *Van Vorhies*, 20 id. 412.)

But without further comment upon the questions stated, I am clearly of opinion that the proceedings in the foreclosure suit touching the surplus moneys are conclusive upon the plaintiff. In respect to any claim to have any portion thereof reserved to await the contingent survivorship, she had her day in court, and by a lawful judicial proceeding in the action, in a court having jurisdiction of the subject and of the parties to the action, it was determined that the defendant was entitled to the surplus moneys, and that determination was carried into execution by the payment of the moneys to him. While the order, then made, remains in force, not modified nor reversed, I think it conclusive, and no action can be sustained to impeach it, by proving that if the plaintiff's rights had been properly represented, the determination would have been different, not alleging any special ground for interposition by an independent suit (if in any case a new

suit in the same court can ever be proper for the purpose except as a bill of review).

The statute treating "of the powers and proceedings of the court upon bills for the foreclosure or satisfaction of mortgages" (2 R. S. 191, part 3, chap. 1, tit. 2, art. 6), provides that the surplus shall be "brought into court for the use of the defendant, or of the person who may be entitled thereto, subject to the order of the court." (§ 160.) If it be not applied for within three months, it shall be put out at interest * * for the benefit of the defendant, his representatives or assigns, "to be paid to them by the order of such court." (§ 160.)

By this statute (apart from its necessary jurisdiction over moneys brought into court in due course of proceedings within its jurisdiction) the court have complete jurisdiction of the surplus money, and authority to distribute and pay the same by its order. This was jurisdiction of the subject-matter, and authorized the court to prescribe its own manner of proceeding to determine to whom it should be paid, and this was regulated by its rules. By the rules in force when the order was made touching the disposition of the moneys in question, any party to the suit * * (whether he had appeared or not) was at liberty to institute a summary proceeding to determine to whom the moneys should be paid and have an order of reference for the purpose, and any party to the suit * * * (whether he had appeared or not) was at liberty to file a notice of his claim if he saw fit to assert any title or right to the surplus moneys or any part thereof. And, therefore, every party who appeared in the action, and every person who had filed such notice, was entitled to notice of the application for the reference, and to attend on the reference, and to notices of subsequent proceedings relative to such surplus. (Rule 76 of Rules of Supreme Court of 1858.) The report of the referee is to be filed, and if no exceptions are filed, it "shall become absolute and stand in all things confirmed." The order for the payment of the moneys in conformity with the report follows. The proceeding is supplemental to a decree in a suit to which the present plaintiff

was a party. It is not claimed, that it was not in all respects duly and regularly conducted. The order was one which the court had full authority to make in that proceeding. If the defendant in that suit (Mrs. Matthews) did not appear before the referee and make the claim to have a portion of the moneys reserved to meet the contingency of her surviving her husband, it was not because she had not full opportunity. If she had no notice of the reference, it was because she neglected to appear in the action or to file a notice that she claimed to be entitled to the surplus or some part thereof. If it be said, that, being a married woman, she did not know what was necessary for her own protection, and that her husband neglected her interests in order that his debts might be paid, we can only say, that, while we regret that the dependent condition of a married female, in general very little informed of the best mode of protecting her rights, often exposes her to loss, when those in whom she confides are negligent or unfaithful, the course of judicial proceeding cannot be subverted or its determinations held inoperative, where there is, in truth, no fraud nor other undue advantage taken. A married woman when duly called into court must pay attention to the summons, — otherwise there would be no mode of determining rights in any case where a married woman claimed an interest. If fraud be practiced or other undue advantage be taken, there is abundant remedy, and the court which had been thereby induced to make an order to her prejudice would be prompt to give redress or relief as the case may require.

The question recurs, what is the effect of the adjudication in the proceedings for ascertaining the title to the surplus? And, in considering that, it should be borne in mind that, as a summary proceeding is an action after judgment, it is the subject of appeal to the General Term of the Supreme Court. Such appeals have heretofore been entertained, and I perceive no reason to doubt that a further appeal will lie to this court. (See 31 N. Y. 417.)

On what ground is it held of no effect as a determination of the title to the surplus?

It is suggested, that, in the foreclosure suit the rights of the defendants *inter sese* were not the subject of litigation. The contingent right of this plaintiff to dower was not and could not be inquired into; and, as she had no defense to the foreclosure and could not impeach the mortgage, she was not called upon to appear or answer, and her rights have, therefore, "not been passed upon." This seems to me to be the whole question: Whatever proceedings the statute authorized, in the first instance, by way of foreclosure, and next, as supplemental thereto in the order disposing of the surplus, she was, when made a party to the action, called upon to meet, in the manner prescribed by the established practice and rules of the court. A party is taken to know, and must be deemed to know, all the consequences of a due and regular course of proceeding, from the moment he is duly served with process requiring his appearance therein, and so far as his rights may be affected, he is bound to avail himself of the prescribed and customary modes of protecting those rights. Having an opportunity to appear for that purpose, stands, as to the effect of the proceeding as respects any collateral inquiry into its effect, in the place of actual appearance. To say that the finding of the referee and the order of the court thereupon did not adjudge the defendant to be entitled to the surplus, except as against those who actually appeared before him as parties, would subvert the plainest principles governing the effect of formal judicial inquiry and determination; and changing the form of the proposition, by saying that it adjudged the defendant entitled only as against those who were legally before him as parties, only raises the question, who are to be deemed parties for the purposes of the proposition?

The statute, and the established practice and rules of the court, were notice to the plaintiff, from the moment the suit was commenced by service of the summons upon her, that, if she claimed any right to the surplus or any part thereof, she must appear in the action or file notice of her claim; and, in a legal sense, every step in the action and in the proceedings

for the disposition of the surplus was taken with that notice in full operation upon the plaintiff.

If the argument urged by the respondent has any force, where does it stop?

It is not confined to the peculiar case of the present plaintiff. Judgment creditors, junior incumbrancers, even the husband himself may, on like supposed grounds, neglect to appear in the action, neglect to file any notice that they claim to be entitled to the surplus, and after a reference has been had and the power of the court conferred by the statute has been exercised by an order paying out the money, and such order has been completely executed, they may commence their independent suits against the recipient, and hold all the proceedings a nullity as to any effect upon their title. This is to make the proceedings a farce, and the power of the court to order payment of the money a mere authority to appoint a custodian to hold the surplus in trust for the benefit of whom it may concern.

Such is not the effect of the proceeding.

In what I have said I raise no question of the power of the Supreme Court to open the inquiry where a default is excused and injustice appears to have been done; or of its power, after the money has been paid according to the order, to compel the recipient to bring it back into court for a just distribution. But so long as that order stands unrevoked, unreversed and in full force, a party to the foreclosure cannot maintain an action to recover the money or any interest therein, against him to whom by such order it has been awarded and to whom it has been paid.

I think the judgment herein must be reversed; but the action being one in which costs are discretionary, and the questions such that the plaintiff had judgment of the Supreme Court, at Special Term and in General Term, in her favor, the reversal should be without costs.

Mason, J. I concur in the opinion of Woodruff, J., in this case.

Grover, J., also concurred with Woodruff, J.

Judgment affirmed.