SARAH E. ELMENDORF, Appellant, *v.* PHILLIP V. D. LOCKWOOD, PIERRE V. DUFLON AND WILLIAM F. RUSSELL, Respondents.

(GENERAL TERM, THIRD DEPARTMENT, DECEMBER, 1871.)

Where the wife unites with her husband in conveying an estate in which she is entitled to dower, the conveyance operates as an extinguishment of her right, not only with respect to the grantee and his successors in interest, but also as to third parties.

Accordingly, where the husband gave a purchase-money mortgage upon land, and he and his wife then united in a conveyance of the mortgaged premises to another person, and afterward the mortgagee foreclosed by advertisement under the statute.—*Held*, the question arising between herself and strangers to such conveyance, that the wife was not, after her husband's decease, entitled to dower in the surplus.

THIS action was brought to recover dower in the surplus moneys growing out of the foreclosure of three mortgages, executed by the plaintiff's husband, Nicholas Elmendorf, in his lifetime. On the trial at the Ulster Circuit, before Mr. Justice Ingalls, the complaint was dismissed. The plaintiff appealed to the General Term.

The facts are stated in the findings of the court at Special Term.

The question involved was as to the effect of a deed of the premises, executed by Elmendorf and his wife to John Van Vechten, after the execution of the mortgages, and before foreclosure.

The findings of the court were as follows :

1st. That the plaintiff is the widow of Nicholas Elmendorf, deceased, who died on the 24th day of May, 1863.

2d. That on the 1st day of May, 1852, Nicholas Elmendorf executed to the defendant, Pierre V. Duflon, a purchase money mortgage of certain real estate in Ulster county, to secure the payment of $8,000, and interest. That the said mortgage was foreclosed by advertisement by defendant Duflon, on the 26th day of April, 1855, and that by the foreclosure sale on that day the property was struck off to the defendant, Lockwood, for $12,000, a sum exceeding the amount of principal and interest due on the mortgage, and the costs and expenses of foreclosure by $3,222.76. That Lockwood paid to Duflon the amount of the mortgage and costs, and retained the surplus in his hands.

3d. That on the 1st day of May, 1852, Nicholas Elmendorf and the defendant, Lockwood, executed to Gilead A. Smith a purchase-money mortgage on certain other real estate in Ulster county, held by them as equal tenants in common, to secure the payment of $5,000, and interest, which mortgage was, on the 1st day of November, 1852, duly assigned to the defendant, Duflon.

That Duflon foreclosed the said mortgage by advertisement; and that by the sale under such foreclosure, which took place on the 26th day of April, 1855, Nathaniel Booth and others became the purchasers at the price of $6,600, making a surplus, over and beyond the amount due on the mortgage, together with the costs and expenses of foreclosure, of $990.74.

4th. That on the 1st day of November, 1852, Nicholas Elmendorf and Philip V. D. Lockwood executed to Edwin Smith a purchase-money mortgage of certain other real estate in the county of Ulster, held by the said Elmendorf and Lockwood as equal tenants in common, to secure the payment of $4,000.

and interest, which mortgage was, on the 1st day of November, 1853, duly assigned to the defendant, Pierre V. Duflon.

That Duflon foreclosed the said mortgage by advertisement. That the sale under said foreclosure was made on the 26th day of April, 1855, to Sterling Smith, for the price of $5,450, making a surplus, over and beyond the amount due on the said mortgage, including principal and interest, and the costs and expenses of foreclosure, of $895.50.

5th. That the several mortgages above mentioned were executed, assigned, and foreclosed during the coverture of the plaintiff, and while she was the wife of said Nicholas Elmendorf.

6th. That at the time of the foreclosure of the said mortgages, the defendant, Russell, held several judgments against Nicholas Elmendorf, under which he claimed and had demanded the surplus resulting from the sales aforesaid, and that an action is now pending in his behalf for the recovery of the same.

7th. That the plaintiff, in the lifetime of Nicholas Elmendorf, and on or about the 28th day of July, 1854, united with her husband in the conveyance, by warranty deed, of all and singular the lands and premises described in the complaint to John Van Vechten.

As conclusions of law, the court found and decided that the conveyance operated as a bar and extinguishment of the plaintiff's dower in the premises, and that she had no interest in or lien upon the surplus-moneys mentioned in the complaint, and that the defendants were entitled to a dismissal of the complaint without costs.

The plaintiff duly excepted to the decision or conclusion of law found by the court, that the conveyance operated as a bar and extinguishment of her dower in the premises, and that she has no interest in or lien upon the surplus-moneys mentioned in the complaint.

Also to the conclusion of law that the defendants were entitled to a dismissal of the complaint.

*William Lounsbury,* attorney for the appellant.

*M. Schoonmaker,* attorney for the respondent Russell.

*Schoonmaker and Hardenburgh,* attorneys for the respondent Lockwood.

*Bowdoin, La Roques and Barlow,* attorneys for the respondent Duflon.

Present—MILLER, P. J., POTTER AND PARKER, JJ.

PARKER, J.   The doctrine that the surplus, arising upon a foreclosure sale, when the mortgage is given for purchase-money, or when the wife has joined the husband in the mortgage is subject to her right of dower, is not disputed by the defendants. (See *Denton* v. *Nanny,* 8 Barb., 618; *Vartie* v. *Underwood,* 18 Barb., 564; *Mathews* v. *Duryee,* 45 Barb., 69, S. C., 4 Keyes, 525). But it is insisted that, by uniting with her husband in the deed to Van Vechten, she effectually barred and extinguished her claim to dower in the equity of redemption, and consequently in the surplus in question.

The conveyance to Van Vechten, in which the plaintiff joined with her husband, was made after the giving of the mortgages by the husband for the purchase-money, but before the foreclosure sale.   By such conveyance the title to the equity of redemption passed to Van Vechten.   He took the whole estate subject only to the lien of the mortgages.   Did not the plaintiff, by uniting in this conveyance and acknowledging, according to the Statute, absolutely divest herself of her inchoate right of dower in the premises conveyed ?   I am inclined to think she did.   It is true that she thereby conveyed or transferred to the grantee in the deed no estate or interest in the premises, because her inchoate right of dower was not transferable.   It was, however, extinguishable, and, I think, was extinguished by her so uniting in the deed.

The contrary of this is sought to be maintained, on the ground that the deed of the wife operates only by way of *estoppel,* that, inasmuch as there is no transfer of the right of

Elmendorf v. Lockwood.

dower to the grantee in the deed, the only reason why the widow cannot recover it, is that she is estopped by her deed.

It is on that principle that this suit is sought to be maintained, for, if the deed operates against her merely by way of estoppel, it can operate only in favor of the grantee, and those in privity with him; and, hence, as the defendants do not claim, through Van Vechten, and have no privity with him, the plaintiff is not estopped to claim her dower as against them, and is, therefore, entitled to recover.

The doctrine and incidents of estoppel, it seems to me, are not applicable in this case, for that implies that the right of dower still remains in the wife, notwithstanding her uniting in the deed. And yet, that such conveyance by the wife operates as a release of her right of dower will scarcely be denied, when, as in this case, the grantee takes by the conveyance the estate in which her dower inheres.

In the case at bar, Van Vechten took, by the conveyance to him, the equity of redemption in the premises conveyed. The plaintiff had an inchoate right of dower only in the equity of redemption. By uniting in the conveyance, she released to Van Vechten such right of dower. Thenceforth no right of dower in the premises remained to her, but she was wholly divested thereof. The release was a *remission* of her right, whereby it became, in effect, extinguished.

Although the other doctrine has been adopted in some of the States, I do not find that it has in this; but, on the contrary, a release of dower, by the wife uniting with the husband in the conveyance of the estate in which she was entitled to dower, has been here regarded as an extinguishment of the right. This was held in *Manhattan Company* v. *Evertson* (6 Paige, 457), where husband and wife had united in a conveyance of the equity of redemption of certain premises to their son. This conveyance was held fraudulent as against creditors of the husband, and was so far set aside as to let in such creditors to participate in the surplus raised upon foreclosure and sale upon a prior mortgage; and yet the wife, who had become a widow, was held not entitled to dower in

the surplus, her uniting in the deed to her son being held a bar thereto, and this controversy in regard to the surplus was between her and persons by no means in privity with her son, the grantee, but those for whose benefit the deed was set aside and declared ineffectual.

The same doctrine was again held in a recent case by the General Term of the second judicial district (*Maloney* v. *Horan*, 36 How., 260). That case was elaborately argued, and the cases from the courts in other States, holding that a release of dower is binding only as against the releasee and his privies, were distinctly brought to the attention of the court; but the doctrine of *Manhattan Company* v. *Evertson* (*supra*) was concurred in, the court saying, "the contrary doctrine has been held in many of our sister States, but upon grounds which are not satisfactory to us."

In *Meyer* v. *Mohr* (1 Robt., 333), the same doctrine was recognized in the following decision of the court: "And in respect to the omission in the judgment to provide for the defendant Margarita's dower in the real estate, it is only necessary to observe that, having united in the fraudulent deed of the property to Emmons (the party through whom the real estate was transferred to her), she thereby divested herself of her inchoate right of dower, and must abide the consequences." And here, too, the dower was held barred as against strangers to the deed and not privies.

Without further discussion of the principle, I think we must hold to the doctrine held in those cases, and pronounce the decision of the court at Special Term correct, and affirm the judgment appealed from, with costs.

Judgment affirmed.