ADELINE L. DOUGLAS, APPELLANT, v. GEORGE W. DOUG-
LAS AND OTHERS, RESPONDENTS.

*Case on appeal — what it must contain — Inchoate right of dower — action to protect
— resulting trusts — 2 R. S., 728, §§ 51, 52, 53.*

Where the only question an applicant wishes to raise on the appeal is whether,
   upon the facts found by the court below, its judgment was correct, a case con-
   taining the judgment roll and exceptions to the conclusions of law is sufficient.
A husband fraudulently induced his wife to join in a conveyance of certain real
   estate, to be given in exchange for other real estate of the same value, by repre
   senting to her that she would obtain the same right of dower in the latter as she
   possessed in what was conveyed. To defraud her of this he caused the land
   taken in exchange to be conveyed to his sister, who knew nothing of the
   exchange or of the conveyance being made to her. *Held*, that the wife had two
   remedies :
(1) At law to recover as damages for the fraud, the present value of her
   inchoate right of dower.
(2) In equity to have a resulting trust in the land conveyed to the sister declared
   in her favor, to the extent of the present value of her inchoate right of dower,
   under section 53 of 2 Revised Statutes, 728, on the ground that to this extent
   a portion of the consideration was furnished by her, and the conveyance was
   taken in the sister's name, without her knowledge or consent.
*Semble*, that she might be considered, under section 52 of said statute, a creditor
   of her husband, to the extent of the present value of her inchoate right of
   dower

APPEAL from judgment of the Special Term, dismissing plaintiff's
complaint. The cause of action arose out of an alleged fraudulent
attempt on the part of plaintiff's husband to deprive her of her
dower interest in certain real estate.

*John L. Hill*, for the appellant.

*E. C. Benedict*, for the respondents.

DAVIS, P. J.:

The point is made by the respondents that this case is not here in
proper form to be reviewed by this court. The papers presented to
us contained the summons and pleadings, the findings of fact and
conclusions of law by the court below, the judgment, and exceptions
to the conclusions of law. As the plaintiff did not raise any ques-
tions upon any exceptions to evidence taken in the course of the

trial, or to the findings of fact, or to the sufficiency of the evidence given to sustain such findings, but was willing to accept the findings of fact as correct in all respects, and to except only to conclusions of law based upon such findings, we think the papers before us contain every thing necessary to constitute a case within the requirements of the Code. The exceptions raise but one question desired to be reviewed, and that is whether, upon the facts found, the court was right in dismissing the complaint.

The appellant insists that upon such findings she was entitled to judgment in her favor, and for the purpose of presenting that question nothing more than is contained in the papers seems to us to be necessary.

Every material allegation of fact contained in the complaint was found by the court in favor of the plaintiff. The findings are as follows:

First. That on the 1st day of February, 1870, the defendant George W. Douglas, the husband of the plaintiff, was seized in fee simple and in possession of the several parcels of land situate in the city of New York, and particularly described in schedule A, annexed to the complaint, and in which premises the plaintiff had an inchoate right of dower.

Second. That in said month of February, 1870, the said defendant George W. Douglas, and one Alfred Holt contracted to exchange with each other certain parcels of land, to wit: The said George W. Douglas to convey to said Alfred L. Holt the above-mentioned premises, and the said Holt to convey to said Douglas certain other premises situate in the city of New York, particularly described in schedule B, annexed to the complaint.

Third. That the defendant George W. Douglas induced the plaintiff to unite with him in a conveyance of the first-mentioned premises to said Alfred L. Holt, by representing that she would have the same rights in the premises in Fifty-second street that she had in the premises to be conveyed by him to said Holt; that such representations were made with the intention of defrauding the plaintiff of her inchoate right of dower in said premises described in schedule A.

Fourth. That the plaintiff being so induced, did unite with her said husband in a conveyance of said premises, and a release of her inchoate right of dower therein, which said conveyance was recorded

in the office of the register of the city and county of New York, in liber 1129 of conveyances, at page 395, on the 28th day of February, 1870.

That such conveyance to said Alfred L. Holt was made in pursuance of the aforesaid agreement with said Holt for an exchange of land, and such exchange was the only consideration therefor, as alleged in the complaint.

Fifth. That the defendant George W. Douglas, with the intent to defraud the plaintiff, and to prevent her from acquiring any right of dower in the premises, so agreed to be conveyed in exchange by said Holt to said Douglas (particularly described in schedule B, annexed to the complaint), caused the conveyance of said last-named premises to be made to the defendant Juliet Douglas instead of to himself ; and, at the instigation and request of said George W. Douglas, and in pursuance of such fraudulent design, on the part of said George W. Douglas, the said Alfred L. Holt did, by deed, dated February 15, 1870, convey the said premises, described in schedule B, to the defendant Juliet Douglas, without her knowledge.

Sixth. That the defendant Juliet Douglas paid no part of the consideration of such conveyance, and now holds the title of said premises, in pursuance of the fraudulent design aforesaid, of depriving the plaintiff of any right of dower therein.

The prayer of the complaint is broad enough, in our judgment, to uphold any relief to which the plaintiff might, upon the facts found, be legally or equitably entitled ; but if it were not, as both parties appeared and answered in the action, the court is at liberty to grant any relief consistent with the case made by the complaint and embraced within the issue, which the facts found might justify. (Code, § 275.)

It must be considered as settled in this State that a wife's inchoate right of dower in lands is a substantial and valuable interest, which will be protected and preserved to her, and that she has a right of action to that end, and that the only exception to that rule (which, to us, seems a needless one) is where the State or its agents exercising the right of eminent domain take for public use the lands affected by said inchoate right of dower. (*Simar* v. *Canaday*, 53 N. Y., 298 [304] ; *Mills* v. *Voorhies*, 20 id., 412 ; *Matthews* v. *Duryee*, 4 Keyes, 525 ; *Jackson* v. *Edwards*, 7 Paige, 386 ; *Denton* v. *Nanny*, 8 Barb., 618 ; *Vartie* v. *Underwood*, 18 id., 561.)

The inchoate right of dower of the plaintiff, Mrs. Douglas, in the three parcels of land of which her husband was seized was, therefore, property in her which both law and equity will recognize and protect. Her husband, as appears by the findings, had entered into an agreement to exchange these parcels of land to one Holt for certain other premises, being a house and lot on Fifty-second street, in the city of New York. The value of Holt's interest in the premises in Fifty-second street and the value of the several parcels of land to be exchanged therefor were deemed equal. The court has found that the husband, with the intention of defrauding the plaintiff of her inchoate right of dower in the premises, then owned by him, fraudulently represented that he was about making the exchange so that she would have the same right of dower in the premises in Fifty-second street that she then had in the premises to be conveyed to Holt, and that the plaintiff being induced by such fraudulent representations united in a conveyance of the premises to Holt, and thereby released her right of dower therein, and that the husband, with intent to defraud the plaintiff and to prevent her from acquiring any right of dower in the premises so agreed to be conveyed in exchange by said Holt to her said husband, caused the conveyance to be made to the defendant Juliet Douglas, a sister of the said husband, instead of to himself; that such conveyance was made to Juliet Douglas without her knowledge, and that she paid no part of the consideration of such conveyance, and now holds the title of said premises in pursuance of the fraudulent design of depriving the wife of any right of dower therein. If, upon such a state of facts, there can be no relief either at law or in equity for the plaintiff, then a wife's inchoate right of dower, which the courts adjudge to be valuable property, is rendered valueless by reason of the inefficiency of the courts of justice.

The court below, however, did not hold that the plaintiff was remediless. Its conclusion was that the plaintiff's sole remedy was by an action of law against the husband for the fraud practiced upon her, and that she could not maintain this action for equitable relief. If this conclusion were entirely sound, we think it was error to have dismissed the complaint, for the court had power, and it would be consistent with the case made by the complaint and embraced within the issue to have ascertained (according to the principles laid down

by the chancellor in *Jackson* v. *Edwards*, 7 Paige, 386, which was affirmed by the Court of Errors in 22 Wend., 498) the damages sustained by the alleged fraud, and to have compelled the husband, by a decree properly framed for that purpose, to have invested such damages to accumulate for the benefit of the plaintiff during the joint lives of herself and her husband, and finally to be paid to her whenever her rights should have fully ripened, as suggested in the case referred to. The dismissal of the complaint as against the other defendant would not have affected or prevented this determination of the case against her husband, and we think, therefore, that the learned judge erred in supposing, as in substance he did, that this was a case in which the plaintiff must be turned over to an action at law for her remedy. But we are of the opinion that the plaintiff was not remediless upon the facts found in this case as against both of the defendants, and the premises conveyed to the defendant Juliet Douglas.

The findings show that she was a purely involuntary grantee, the conveyance having been made to her without her knowledge ; that she paid no part of the consideration of such conveyance, and now holds the title of said premises in pursuance of the husband's fraudulent design to deprive the plaintiff of all her right of dower therein. The statute of trusts provides, that where a grant shall be made to one person, and the consideration therefor paid by another, no use or trust shall result in favor of the person by whom such payment shall be made, but the title shall vest in the person named as an alienee of such conveyance, subject only to the provisions of the next section. (1 R. S., 728, § 51.) Under this section it is clear that Juliet Douglas took the title of the land absolutely as against George H. Douglas. But the fifty-second section of the same article and chapter, provides that every such conveyance shall be presumed fraudulent as against the creditors, at that time, of the person paying the consideration, and where the fraudulent intent is not disproved, a trust shall result in favor of such creditors to the extent that may be necessary to satisfy their just demands. And the fifty-third section declares, that the provisions of the preceding fifty-first section shall not extend to cases where the alienee named in the conveyance shall have taken the same as an absolute conveyance in his own name, without the knowledge or consent of the

person paying the consideration, or where such alienee, in violation of some trust, shall have purchased the lands so conveyed with moneys belonging to another person.

These provisions of the statute were made to prevent frauds, and not to cover them. If it were necessary to the case, we should be strongly inclined to hold, that the plaintiff is to be deemed a creditor of her husband to the extent of the value of her incohate right of dower, because it is manifest that she intrusted to him the value of that right of dower for the purpose of executing an agreement which he made with her, and by which he induced her to part with its control, and which, in fact, if executed, would have restored to her an equally valuable right of dower in the other parcel of land. His obligation to perform that trust created a liability against him to the extent of the value of his wife's interest in the lands about to be exchanged, and his fraudulent conduct in causing the land to be conveyed to another certainly cannot impair the obligation he assumed by his agreement to have it so conveyed that her right of dower would attach.

An analogous case would arise if A represented to B that he was about to purchase lands of C, and would thereupon execute a mortgage to secure the purchase-price if B would lend him the amount, and B having lent the money to A, the latter should purchase of C, but cause the conveyance to be made to D without consideration, and in such form as would give D the absolute title under the fifty-first section of the statute above cited.

In that case, it seems to us that B would be deemed the creditor in equity of A, to enforce the trust which would result in his favor by the operation of the fifty-second section of the statute. The difference between the supposed case and the present one is only in the character of the property obtained by the husband for the purpose of making the purchase of the house and lot which he caused to be conveyed to his sister. Equity will therefore adjudge the plaintiff to be a creditor in whose favor the trust results, as against the voluntary grantee of the house and lot to the value of her inchoate right of dower.

But if this be not so, there seems to be no difficulty, under section 53 of the statute, in attaching the trust to the house and lot in favor of the wife; for that section declares that the fifty-first section shall

not extend to cases where an alienee named in the conveyance shall have taken the same as an absolute conveyance in his own name, without the consent or knowledge of the person paying the consideration, and the exception must extend to a case where the title has been taken in the name of a voluntary grantee, without the consent or knowledge of the person paying a portion of the consideration. It cannot be disputed, in this case, that in purchasing the house and lot in Fifty-second street, the plaintiff paid a portion of the consideration of that purchase by the grant of her right of dower. She was a purchaser to the extent of the value of that right, and to that extent must clearly be held to have paid the consideration of such purchase. The case clearly shows that the title of the property, which she thus united in purchasing, was taken by Juliet Douglas, by an absolute conveyance in her name without the consent or knowledge of the plaintiff who had thus paid a portion of the consideration.

It was the agreement, and it was her intention, that the conveyance should be taken to her husband by means of which an equally valuable incohate right of dower would have attached on the property purchased, and his fraudulent arrangement, by which the property was conveyed to his sister Juliet, cannot deprive the plaintiff of the right to assert that Juliet holds that property under a conveyance the consideration for which, to the extent of the value of her inchoate right of dower, has been paid by her, without her consent or knowledge. The plaintiff may well stand therefore, we think, upon the exception contained in the fifty-third section, and insist that a trust arises in her favor in the lands held by the defendant, Juliet Douglas, to the extent of the consideration paid therefor by her. In either of these views, equity will regard Juliet Douglas as holding the house and lot in Fifty-second street, in trust for the benefit of the plaintiff to the extent of the value of her inchoate right of dower therein, and by a decree in this action that right can be ascertained and declared; and we see no difficulty when it shall have been so ascertained and declared, in working out full protection to the plaintiff, either by realizing the value of the trust by a sale of the property or by a direct decree imposing upon the land the value of such inchoate right of dower as a specific lien.

The manner of ascertaining the value of an inchoate right of dower is given by the chancellor in *Jackson* v. *Edwards*, above cited, and as considered in the opinion of Senator VERPLANCK, in the same case in the Court of Errors. (S. C., 22 Wend., 517.) It is referred to also in the notes to rule 85 of this court.

If the facts touching the ages of the husband and wife, the value of her inchoate right of dower in the lands conveyed to Holt, and the value of the house and lot conveyed to the defendant Juliet Douglas, were before us, we could proceed and pronounce the proper decree upon the facts found by the court below. But they are not, and it becomes necessary to ascertain those facts before a proper judgment can be pronounced.

We think the proper course, therefore, is to reverse the judgment of the court below, with costs to the appellant, and to direct a proper decree to be entered, declaring the rights of the parties and directing a referee to ascertain their respective ages, and the value of the respective parcels of property above mentioned, with a view to such final judgment to be ordered by this court as shall be meet in the premises.

BRADY, and DANIELS, JJ., concurred.

Judgment reversed, with costs to the appellant. Decree to be entered as directed in the opinion. Reference ordered to ascertain the ages of the parties and the value of property as directed in opinion.