## CALDER *v.* JENKINS.

*(City Court of Brooklyn, General Term.  December 29, 1891.)*

1. MORTGAGES—FORECLOSURE—EXTINCTION OF DOWER RIGHTS.
   An owner of real estate executed two mortgages thereon at different times, in the first of which his wife did not join, but to the second she was a party.  The second mortgage was first foreclosed, and the purchaser thereunder was made a party to an action to foreclose the first mortgage.  *Held*, that the foreclosure of the second mortgage extinguished the contingent right of dower of the wife in the property, so that a person purchasing the property from one claiming under a deed executed on foreclosure of the first mortgage could not object to the title on the ground that the dower rights of the wife in the property had not been relinquished.

2. SAME—NON-RECORD OF REFEREE'S DEED.
   The fact that a deed executed by a referee in the proceedings to foreclose the second mortgage was never recorded will not entitle such vendee to a rescission of his contract of purchase.

Appeal from trial term.

Action by Alexander G. Calder against Percy Jenkins.  From a judgment for defendant, plaintiff appeals.  Affirmed.

Argued before VAN WYCK and OSBORNE, JJ.

*S. M. & D. E. Meeker*, for appellant.  *Johnson & Lamb*, for respondent.

VAN WYCK, J.  This is an action to recover back money paid by plaintiff on account of a contract of sale of real estate, and for money expended in examination of title, upon the ground that defendant's title thereto is defective. This is an appeal from a judgment in favor of the defendant.  In 1875, O'Rourke, who was a married man, made to one Wells a first mortgage upon the premises in question, but his wife did not join in it.  In 1876 he made a second mortgage to one Reid on the same premises, and his wife did join therein.  In 1877 a judgment of foreclosure of this second mortgage was granted in an action in the supreme court in which both O'Rourke and his wife were parties.  The referee appointed therein sold the premises to Reid, and delivered to him a deed thereof.  The referee's report of sale recites the sale, delivery of deed, etc.  There can be no doubt that Reid became thereby the owner thereof, free from the right of dower of O'Rourke's wife, subject to the first mortgage, because the regular foreclosure judgment and sale of premises under the second mortgage executed by her extinguished her dower right, so far as the purchaser, Reid, was concerned.  In 1879 judgment of foreclosure of the first mortgage (in execution of which O'Rourke's wife did not join) was granted in an action to which Reid and O'Rourke were parties, but not the wife of the latter.  The premises were duly sold thereunder to one Wells, and the defendant is the grantee of his grantee.  Did the wiping out of the rights to these premises acquired by Reid as the purchaser at the foreclosure sale of the second mortgage, which included the dower right of O'Rourke's wife, by the foreclosure of the first mortgage, revive or return to O'Rourke's wife her former dower right?  There appears to be no authority directly in point, but this is not strange.  The mere suggestion that, if there had been a surplus realized on the foreclosure of the first mortgage, Reid would be entitled thereto as the purchaser of the equity of redemption at the foreclosure sale of the second mortgage, seems to be conclusive against the contention that there is an outstanding dower right in her.  *Elmendorf* v. *Lockwood*, 4 Lans. 393, affirmed, 57 N. Y. 322.  In our opinion, the foreclosure of this second mortgage executed by her extinguished her dower to the same extent as though she had joined her husband in an absolute conveyance to the same purchaser; and the latter would have inured to the advantage of the first mortgagee though she did not join her husband in the latter mortgage.  *Hoogland* v. *Watt*, 2 Sandf. Ch. 149.  It is admitted by plaintiff that the referee in foreclosure sale of second mortgage duly sold the premises to Reid, and delivered him a proper deed thereof; that the referee duly made to

the court a report of sale reciting these facts, and that such report was confirmed. Under such circumstances, we do not think the non-record of this deed would give the plaintiff the right to rescind his contract of purchase. On the admitted facts in this case the court would be compelled to direct a verdict against Mrs. O'Rourke if she had brought an action to recover her dower. *Post* v. *Bernheimer,* 31 Hun, 247; *Hellreigel* v. *Manning,* 97 N. Y. 60; *Chase* v. *Chase,* 95 N. Y. 373, 380. There is no reasonable or rational doubt, on the admitted facts in this case, of the validity of defendant's title because of any outstanding dower right of Mrs. O'Rourke, or by virtue of the non-record of this referee's deed. Judgment must be affirmed, with costs.