## Denton *vs.* Nanny and wife and others.

The equity of redemption in mortgaged premises, before entry or foreclosure, is equivalent to the estate in fee, descendible by inheritance, devisable by will, and alienable by deed.

A widow is entitled to dower in an equity of redemption, as well when the mortgage was executed before marriage, as when it is executed by the husband and wife during coverture.

Denton *v.* Nanny.

A widow, as against the mortgagee and those claiming under him, is entitled in equity to redeem, upon payment of the mortgage debt.

No act, deed, or conveyance of the husband, or judgment or decree confessed by or recovered against him, will prejudice the wife's right to her dower.

The master's deed, upon a sale under a decree of foreclosure, will have the same force as a deed executed by the mortgagor and mortgagee, and no greater; and will be a bar against such persons only as were parties to the suit.

A purchaser under a decree of foreclosure and sale in equity, in the lifetime of the husand, when the wife is not made a party, takes the estate subject to her equity of redemption. And in order to bar her right to redeem, she is a necessary party to the foreclosure suit.

Surplus moneys upon mortgage sales are in court for the use of the defendants and such other persons as may be entitled thereto.

Where a wife joins with her husband in executing a mortgage upon his land, which contains the usual power of sale, and in the event of a sale the surplus is expressly reserved to be paid to the mortgagors, the wife has a right to have the residuum of the subject mortgaged, not required to satisfy the mortgage debt—whether it exists in lands unsold or in the proceeds of land sold under the decree of foreclosure—so appropriated as to secure to her her dower in case she survives her husband.

And where there are surplus moneys in court arising from the sale of the mortgaged premises, she is entitled, as against judgment creditors, to have one-third of the amount invested for her benefit, and kept invested during the joint lives of herself and her husband, and during her own life in case of her surviving her husband, as and for her dower in such surplus moneys.

In Equity. This was an application by the defendant, Elizabeth Nanny, for surplus moneys, in a foreclosure suit. The facts are stated in the opinion of the court.

*W. F. Sharpe,* for Elizabeth Nanny.

*S. J. Wilkin,* for judgment creditors.

Brown, J. On the 1st day of April, 1848, the defendant, Elizabeth Nanny, was and yet is the wife of the defendant, William Nanny, who at that time was the owner in fee of a farm of land in Warwick, in the county of Orange. On that day she joined her husband in a mortgage to Francis G. Denton, the plaintiff in this cause, to secure the payment of the sum of one thousand dollars, money borrowed, payable one year from the date, with the interest. The mortgage contained the

Denton *v.* Nanny.

usual power of sale, and in the event of a sale, the surplus was reserved by express words, to be paid to William Nanny and Elizabeth his wife, the parties of the first part. In pursuance of a decree and judgment of foreclosure in this cause, in which the wife and the judgment creditors are parties, the mortgaged premises were sold on the 7th of January, 1850, for the sum of $3575. And after paying the mortgage debt and costs, there remained a surplus of $2331, which had been paid into court. The sum of $1381, of this surplus has been applied to the satisfaction of the oldest judgment, and the residue is undisposed of, and awaits the further order of the court. The judgment creditors, whose claims are more than sufficient to absorb this residue, claim that it shall be paid over to them; while Elizabeth Nanny, the wife of the mortgagor, claims that it shall be invested, under the direction of the court, and applied in satisfaction of her dower, should she survive her husband.

The 165th section of the act, (2 *R. S.* 119,) in regard to proceedings upon bills of foreclosure, provides that the proceeds of any sale made under the decree of the court of chancery shall be applied to the discharge of the debt adjudged by such court to be due, and of the costs awarded. And if there shall be any surplus, it shall be brought into court for the use of the defendants, or of the persons who may be entitled thereto, subject to the order of the court. The money is, therefore, by authority of this statute, in the custody of the court, for the use of the defendants or such persons as may be entitled thereto. The judgment creditors claim that their lien upon the land, which has been divested by the sale, follows and attaches to the surplus proceeds in court, and the wife, whose contingent interest in the lands has been divested, in like manner, also claims a lien upon the surplus, which, although contingent, is entitled to protection and preservation by the court.

"Dower is a title inchoate, and not consummate until the death of the husband; but it is an interest which attaches on the land as soon as there is a concurrence of marriage and seisin." (4 *Kent's Com.* 50.) Dower is highly favored in equity. And as was said by the master of the rolls (Sir Thomas

Denton *v.* Nanny.

Trevor) on one occasion, " the right that a doweress has to her dower, is not only a legal right, and so adjudged in law, but it is also a moral right, to be provided for and have a main-tenance and sustenance out of her husband's estate to live upon. She is therefore in the care of the law and a fa-vorite of the law. And upon this moral law is the law of England founded as to the right of dower." (1 *Story's Eq.* § 629, *and note* 1.) A mortgage is a chattel interest—a mere security for the payment of the debt. And when the debt is paid, the lien of the mortgage is discharged. The estate of the mortgagor before foreclosure or entry, is not the subject of seizure and sale by execution, even though there has been a default and the condition forfeited. (4 *Kent's Com.* 161. 4 *John. Rep.* 41.) The equity of redemption—the estate of the mortgagor—is the real and beneficial estate, descendible by in-heritance, devisable by will, and alienable by deed, in all respects as if it were an absolute estate of inheritance at law. (1 *Caines' Cases in Error,* 47.) The mortgagor is regarded as seised before foreclosure and entry, so as to entitle the widow to her dower. (6 *John. Rep.* 290.) The widow of a person purchasing of the mortgagor subject to the mortgage, may recover dower of a purchaser under the husband, who can not set up the mortgage as a subsisting title, there having been no entry or foreclosure under it. (7 *John. Rep.* 278.) So also when a person scised of land in fee, mortgages it and after-wards marries, his widow is entitled to dower out of the equity of redemption, against the purchaser of that equity, though the mortgage be still subsisting. (15 *John. Rep.* 319.) A feme covert who joins with her husband in a mortgage of lands of which he is seised, is nevertheless entitled to dower in the equity of redemption, subject, however, to a ratable contribution as doweress, for the redemption of the mortgage. And where the heir has redeemed she is to contribute during her life to the heir for one-third of the interest on the mount paid to redeem. (4 *Kent's Com.* 46. 5 *John. Ch. Rep.* 482. 19 *Wend.* 162.) The remedy for dower, against a mortgagee, in any case, or those claiming under him, is in a court of equity.

(7 *Greenl.* 41, 43, 102.   3 *Pick.* 475.   14 *Id.* 98.   19 *Wend.* 174.)  I find it nowhere expressly adjudged that the wife is a necessary party to a bill of foreclosure, in order to extinguish her inchoate right of dower; but it is the universal practice of the profession to make the wife a party for that purpose.   The late Chancellor Walworth, in *Bell* v. *The Mayor of New-York*, (10 *Paige*, 67,) says: "It is not necessary to decide what would be the effect of an actual foreclosure and sale of the equity of redemption during the lifetime of the husband, under a decree to which the wife was not made a party."   But the late Vice Chancellor Ruggles, of the second circuit, in an opinion delivered in the same case, declares it to be the better opinion that a purchaser under a decree, where the wife was not made a party, would take the estate subject to her dower in the equity of redemption, should she survive her husband.   The 164th section of the act in regard to bills for the foreclosure and satisfaction of mortgages, before quoted, provides, in substance, that "the master's deed shall vest in the purchaser the same estate, and no other or greater, than would have vested in the mortgagee, if the equity of redemption had been foreclosed; and such deeds shall be as valid as if the same were executed by the mortgagor and mortgagee, and shall be an entire bar against each of them, and against all parties to the suit in which the decree for such sale was made."   The wife is neither the mortgagor nor the mortgagee; and unless she is a party to the suit, it is difficult to see how the language of the act can be applied to her.   In regard to so much of the section as makes the master's deed as effectual as if it were executed by the mortgagor and mortgagee, it is settled by the case of *Swaine* v. *Perrine*, (5 *John. Ch. Rep.* 482,) that the release of the equity of redemption not executed by the wife, is no bar to her claim for dower.   (*Vide also* 4 *Kent's Com.* 44.)   The 16th section of the statute in relation to dower, provides that no act or deed or conveyance by the husband, without the assent of the wife, evidenced by her acknowledgment thereof, in the manner required by law to pass the estate of a married woman, and no judgment or decree confessed by or recovered against him shall

Denton *v.* Nanny.

prejudice the right of the wife to her dower, or preclude her from the recovery thereof." A sale also of the equity of redemption, when the mortgage was executed by the husband and wife, under an execution at law against the husband, leaves the wife's interest untouched, and the purchaser takes the land subject to her dower. (4 *Kent*, 45. 2 *Halstead*, 39. 17 *Mass. Rep.* 556.) If it be conceded—as I think it must be—that the wife who executes the mortgage with her husband, has a right to redeem; and if no act or deed of his, or judgment or decree confessed or recovered against him, can prejudice this right, how can a decree of foreclosure in a suit to which she is an entire stranger, do any thing of the kind? If her right of redemption can be foreclosed by a proceeding to which she is not a party— that is, by a decree or judgment against her husband—then a decree or judgment against her husband is made to do what the 16th section of the act in relation to dower declares it shall not do. If we look into the analogous case of proceedings in partition, where the wife's inchoate right of dower is extinguished by operation of law, it is settled that where the wife is made a party, a purchaser under the decree will be protected against her claim for dower, should she survive her husband. (*Jackson* v. *Edwards*, 7 *Paige*, 386.) This case, it is true, does not assert in express words that the purchaser would not be protected if she was not made a party; but that result is the necessary and legitimate deduction from the case as it is reported.

The authorities quoted lead to the following conclusions: 1st. That dower is an interest in land which attaches upon the concurrence of marriage and seisin. 2d. That the equity of redemption in mortgaged premises, before entry or foreclosure, is equivalent to the estate in fee, descendible by inheritance, devisable by will, and alienable by deed. 3d. That a widow is entitled to dower in an equity of redemption, as well when the mortgage was executed before marriage as when it was executed by the husband and wife during coverture. 4th. That a widow, as against the mortgagee and those claiming under him, is entitled in equity to redeem upon payment

of the mortgage debt. 5th. That no act, deed, or convey-ance of the husband, or judgment or decree confessed by, or recovered against him, shall prejudice the wife's right to her dower. 6th. That the master's deed upon a sale under a decree of foreclosure shall have the same force, and no greater, as a deed executed by the mortgagor and mort-gagee, and shall be a bar against such persons only as were parties to the suit. 7th. That a purchaser under a decree of foreclosure and sale in equity, in the lifetime of the husband, where the wife is not made a party, takes the estate subject to her equity of redemption. That to bar her right to redeem, she is a necessary party. 8th. That surplus moneys upon mortgage sales are in court for the use of the defendants and such other persons as may be entitled thereto.

If the wife is a necessary party to a foreclosure suit, in order to discharge the estate in the hands of a purchaser under the decree from her right to redeem, she becomes so because she has a valid subsisting legal interest in the subject matter of the suit, which the court is bound to protect. Judge Story, in his treatise upon Equity Pleadings, remarks, " that courts of equity adopt two leading principles for determining the proper parties to a suit. One of them is a principle admitted in all courts, upon questions affecting the suitor's person and liberty, as well as his property. Namely, that the rights of no man shall be finally decided in a court of justice unless he himself be present, or at least until he has had a full opportunity to appear and vindicate his rights. The other is, that when a decision is made upon any particular subject matter, the rights of all persons whose interests are immediately connected with that decision, and affected by it, shall be provided for as far as reasonably may be." (*Story's Eq. Pl.* 73.) Now it is impossible to say that the in-terests of a married woman who unites with her husband in a mortgage to secure his debt, and who, if she survives him, will be entitled to dower in the estate, after the payment of the debt, is not connected with or affected by proceedings which aim to deprive her of that right? Nor is it possible to say that such proceedings, when consummated, will not affect her rights in

Denton *v.* Nanny.

the very sense spoken of by the learned commentator. She is therefore a necessary party, to the end that the court may provide for and protect those rights, as far as reasonably may be. It would afford her no protection to require her to pay the mortgage debt or be barred of all her interest in the mortgaged premises. This rule is so rigorous and oppressive that courts of equity will not usually apply it to the mortgagor himself. If he fails to pay, they sell the premises mortgaged, and are careful to preserve all his rights in the surplus money. Are not the equities of the wife as strong as those of the husband? During coverture she is often without the means, and therefore without the ability to pay the mortgage debt. And the only real protection which the court can extend to her, when the husband can not or will not pay, is to give her the same right in the surplus proceeds, after the satisfaction of the mortgage, as she had in the mortgaged premises before the mortgage was executed. If the judgment creditors may take the surplus, so may the husband. Their rights as against the wife are no greater than his. And if the whole surplus is to be handed over to them, then a husband with ample means at his command may suffer a foreclosure and sale when the premises are often times of greater value than the mortgage debt, for the express purpose of freeing the estate of the just claims of the wife. What then becomes of the moral law spoken of by learned commentators and eminent judges, upon which the law of dower is founded? Of the rule that dower is highly favored in equity, and that the doweress is in the care of the law, and a favorite of the law? To say that the wife is a necessary party to a bill of foreclosure, in order to perfect the title, and at the same time deny her any interest in the surplus, after the mortgage is satisfied, is to repudiate the principles established by the courts to determine who the necessary parties are. The mortgage in the present case was not for purchase money. It was to secure the debt of the husband, and the amount of that debt was not equal to one-third of the value of the property mortgaged. The wife pledged her interest in the land upon condition that when the debt was paid, the lien should cease. To use the language of

Denton v. Nanny.

Chancellor Kent, in *Titus* v. *Neilson*, (5 *John. Ch. Rep.* 452,) " Suppose the land could have been sold in parcels, and the directions in the decree had been to have sold only one parcel of the mortgaged premises, sufficient to have satisfied the debt, she would have been most clearly entitled to her dower in the residue of the land, in preference to the claims of the second mortgage in which she did not join." The chancellor then proceeds to say that her rights must be of a more stable character than to depend upon a circumstance resting so entirely in discretion as the mode adopted for satisfying the mortgage. In the present case, the lands were not sold in parcels. Had sufficient only been sold to pay the debt, more than two-thirds of the premises would have remained subject to the contingent dower of the wife. That the premises may possibly have been so situated that a sale of a part could not be made, without prejudice to the whole, can not change the principle; for if her rights have been made to yield to considerations of benefit to others, her equity to follow the money into court becomes so much the stronger.

Land has been sold in which the wife had a legal interest which was not required to pay the mortgage debt. And upon the principle of equitable conversion, the proceeds, so far as it respects her, must still be regarded as real estate. The claim of the judgment creditors rests upon the same foundation. Their interest in the land, like the interest of the wife, has been divested by the sale under the decree, and their liens attach in equity upon the proceeds of the land unnecessarily sold, in the same order of priority as they existed upon the land before sale. Where the lands of a testator have been sold for the payment of his debts, on account of the deficiency of the personal estate, which is primarily liable, and personal assets afterwards come to the hands of the executors, which should have been devoted to that object, the devisees or owners of the land are exclusively entitled to such personal assets as a substitute for the lands sold. And although such devisees or owners, as between their heirs and personal representatives, take such assets as money, and not as land, still they take them upon the equitable doc-

---

Denton *v.* Nanny.

---

trine that they are substituted for and should supply the place of the lands, converted into money. (3 *Barbour's Ch. Rep.* 169. 2 *Story's Eq. Jur.* § 790, *note* 2.) There is no difference between the claim of the wife, to have the surplus substituted for the lands sold, and the claim of the devisees or owners to have the personal assets which afterwards came to the hands of the executors substituted in place of the lands sold and applied in payment of the debts. The owners and devisees have a present interest which is vested, it is true, and the interest of the wife is contingent, but both interests attach upon the land, and are equally worthy of the care and protection of the courts. The equities in the one case are as strong as they are in the other. Chancellor Walworth, in *Jackson* v. *Edwards,* (7 *Paige,* 386,) says : " Although a husband has a present interest in his wife's real estate from the time of the marriage, for the joint lives of himself and his wife, he is not even tenant by the curtesy initiate so as to give him the estate for his own life until issue born. It never has been doubted that a sale in partition to which he was a party, would have the effect not only to divest his present estate in the property during the joint lives of both, but also to bar his contingent interest for the remainder of his life after the death of his wife, in case he should have issue and survive her. Yet I have not been able to find any provision in the revised statutes which can reach such a case, which is not equally applicable to the wife's inchoate right of dower in the husband's estate." *Jackson* v. *Edwards,* was a case in partition : and the chancellor proceeds to say that the sections of the revised statutes relative to estates for life, in curtesy or dower, (2 *R. S.* 325, §§ 50, 51, 52,) do not in terms apply to the cases of the contingent interests of the husband and wife; and he states the means which the court will take to ascertain the probable value of the wife's contingent dower, and to have it invested for her benefit. The reasons he employs apply with the same force to the surplus proceeds in foreclosure as in partition suits; and if there be any distinction between the two classes of cases, it is difficult to see in what it consists. ( *Titus* v. *Neilson* (5 *John. Ch. Rep.* 452,) was a case where the wife

had joined with her husband and was a party to the suit, but he died after the decree but before an actual sale. It was adjudged that the widow was entitled to dower in the surplus proceeds, and this was the only question. The chancellor, Kent, says, in a parenthesis, " it is clear she would have had no claim upon the proceeds after satisfaction of the mortgage if the husband had been living." And the observation is relied upon in the present case, against the wife. That the wife would have had no *present* claim, had the husband been living, was probably all the chancellor meant to say ; for those who know the care he habitually bestowed upon questions directly submitted to him for adjudication, must know that he could not mean thus summarily to dispose of the wife's equities, without argument or examination. The expression is not, therefore, entitled to the weight of authority. *Bell* v. *The Mayor of New-York*, was first heard before the vice chancellor of the second circuit. The vice chancellor, in his opinion, (10 *Paige,* 55,) says, " that upon a sale under a power in the lifetime of the husband, the surplus is regarded as personal property, and may be paid to the husband ; and upon a chancery sale the husband is entitled to the surplus moneys, and no provision is made for the wife. In support of this opinion he quotes *Titus* v. *Neilson,* to which I have also referred, and *Wright* v. *Rose,* (2 *Sim & Stu.* 323, 1 *Eng. Ch. Rep.*) In this last case the mortgagor never was married. His interest was sold under the power, after his death. And the court determined that upon a sale in the lifetime of the mortgagor, the surplus is personal estate, and goes to the personal representative, and upon a sale after the death of the mortgagor, the surplus goes to the heir at law. Such also is the decision of the assistant vice chancellor in *Graham* v. *Dickinson,* (3 *Barbour's Ch. Rep.* 178.) These cases determine nothing in regard to the rights of the wife. The character of the fund, as between her and the judgment creditors, and the power and duty of the court in regard to its disposition, is not spoken of, or even alluded to. It will be seen that, so far as we are to be guided by precedent, the claims of the judgment creditors stand upon a very narrow foundation ; and that upon

Denton v. Nanny.

reason and analogy, the case is clearly in favor of the claim of the wife. She does not ask to have this money put into her immediate possession. She would have no right to that. But she insists that the residuum of the subject mortgaged, not required to satisfy the mortgage debt, whether it exists in lands unsold, or in the proceeds of lands sold under the power of the court, shall be so appropriated as to secure her dower, should she survive her husband. This I think she is entitled to have done. In bringing the rights of the wife within the influence of those equities which the courts are constantly extending to others, no injustice is done to the husband or to his judgment creditors; for after providing a security for the wife, they have the same rights in the surplus as they had in the lands, before the sale under the mortgage.

The costs and expenses of this proceeding must be paid out of the fund in court, and two-thirds of the residue must be paid to the judgment creditors, (including what has been already paid,) in the order of priority mentioned in the report of the referee. The remaining third must be paid over to the treasurer of the county of Orange, and kept invested at interest during the joint lives of the defendants William Nanny and Elizabeth his wife, and the life of the defendant Elizabeth should she survive her husband; such interest during their joint lives to be subject to the future order of the court, on the application of any person having an interest. And the interest to accrue after the death of the defendant William Nanny, and during the lifetime of the defendant Elizabeth, should she survive him, to be paid to the said Elizabeth, as and for her dower in the said surplus moneys. And after the death of the said Elizabeth, the principal sum to be subject to the order of the court to be made after her death, upon the application of any person having an interest therein.