Wright, J.
In the Court of Common Pleas, Allen county, Malinda Binkley, defendant in error, sought to redeem a mortgage given by herself and husband to one Peter Pace, and also to recover dower in the premises so mortgaged.
To bar her of the rights sought, it was claimed by defendants below, now plaintiffs in error, Parmenter et al., that said mortgage had been duly foreclosed by certain legal proceedings, the record of which is offered in evidence. This record shows as follows:
Binkley, the husband, had executed a mortgage on the premises in question to Day & Matlack, and other mortgages to other parties, in none of which did his wife Malinda join. Day & Matlack filed a petition to foreclose their mortgage, making the other mortgagees and sundry judgment creditors of Binkley parties. Subsequently they filed an amended petition making new parties, and among them, for the first time, Malinda Binkley, the widow now seeking dower.
This amended petition, so far as it relates to Malinda Binkley, states, that she has an interest in the mortgaged premises, without making any specific reference to dower, asks that she may be made a party, and that she and defendants, respectively, set out his or her interest in the mortgaged premises, and prays for general relief.
Peter Pace is made party to both original and amended *34 petition. His mortgage, being the sole one, as has been said, in which the wife had joined, was subsequent to all other mortgages in the case, as well as the judgments, although in point of time the debt it secured was not yet due.
Upon this petition of Day & Matlack, a decree was taken, and sale had. In the distribution of proceeds, no part of the Face mortgage was paid, the prior liens having absorbed the whole.
Malinda Binkley now asks to redeem the Face mortgage, and have dower assigned her in the premises.
If she is barred by this foreclosure proceeding, her claim fails ; otherwise, she is entitled to the relief she asks.
Peter Face was made party to this Bay & Matlack suit. He answers, setting up his mortgage, saying that it is a lien; but he does not ask a judgment-upon it; does not ask that it be foreclosed, or that a sale be had under it; and asks nothing whatever in regard to it.
This is his -answer:
“And the said Peter Face, defendant, for answer to the petition of the said plaintiffs, saith: That the said Ferdinand H. Binkley, and Malinda Binkley, his wife, did, on the 17th day of March, a. d. 1857, convey the premises in the said petition described to the said 'Peter Face, in fee and mortgage, to secure the payment of a promissory note drawn by Binkley & (Irani, dated July 7,1856, payable to said Face one day after date, for two hundred dollars, one hundred and twenty-five dollars to be in gold, with eight per cent, interest from date, and seventy-five dollars in currency, with ten per cent, interest from date. Said deed and mortgage was afterward, on the 17th day of March, a. d. 1857, duly left for record with the recorder of said county of Allen, at 8J o’clock a. m., and from which date of recording the .lien of the said Peter Face attached; and the said Peter Face says that the full amount of said promissory note, with the interest specified thereon, to be paid thereon to the said Peter Face, is still due and owing from the said Binkley & (Iraul to him, and is and has been a *35 lien on the said premises from the said 17th day of March, a. d. 1857, aforesaid.”
This answer, it will be seen, is not made a cross-petition; it makes nobody party to it, and no process is issued upon it. Malinda Binkley does not answer Face’s pleading, nor Day & Matlack’s original or amended petition. As far as answering goes, she is in default. The decree in the case was taken eight days after the filing of the Face answer.
In this present suit to redeem, and for dower, the record in the Day & Matlack suit is offered in evidence, and claimed to bar her of the rights she asserts.
To this, she says that she is not affected by that action at all. So far as the suit upon the Day & Matlack mortgage is concerned, it is clear that she can not be barred. She never signed that mortgage, and no proceeding of any kind upon it can affect her interest in her husband’s property. ■
But it is said that because Peter Face is brought into the suit, who sets up a mortgage which she did sign, that this mortgage is also foreclosed, and hence she is barred, and the Day & Matlack record is res judicata.
If this Peter Face answer had been a cross-petition, making Malinda Binkley party to it; had it contained the proper averments, asking judgment, sale, and that she be ever foreclosed of her rights, and she had appeared and answered to such a cross-petition; or if process had issued, regularly making her party to such a cross-petition, and she had failed to answer, it might, perhaps, be difficult to hold that she was not barred. But none of these things occur. She is only summoned to answer the petition of Day & Matlack. That petition contains nothing that can affect any right of hers; and, upon examining it, she might have been well satisfied to have paid no further attention to the case. Do the subsequent steps taken bar her ?
If Peter Face had not been made party in the Day & Matlack proceeding, and had not appeared at all, it must be clear that Mrs. Binkley’s rights could not be cut off by this record, whether she had been made party or hot. in *36 deed, to such a proceeding, she would have been in no sense a proper party. If, then, she is now barred, it must be by and through Peter Pace and his mortgage, and the rights arising under it.- If Pace himself could have foreclosed his mortgage by original bill, or if the facts were such that he could, by cross-petition, have sought such remedy, and had, in fact, done so, by proper pleading in the Day & Matlack case, perhaps this might have terminated Mrs. Binkley’s interests.
But the Pace mortgage was not due at the time of the Day & Matlack proceeding, having nearly three years to run; and Pace himself could not have foreclosed it in an independent suit. If so, how can Day & Matlack, acting through him, claim to do so ?
It is true there are cases where mortgages may be foreclosed before due, if, for instance, when interest is unpaid.
But this, we apprehend, can not be done, at least without the desire and application of the mortgagee, and thus far Pace has never asked a foreclosure, or any other action on his behalf.
The quotation made by plaintiffs in error from Carter v. Walker, 2 Ohio St. 339, is undoubtedly a correct statement of the,law: “That the purchaser under judicial proceedings, foreclosing a mortgage and selling the mortgaged premises, takes the complete title of both mortgagee and mortgagor.” But its application to this case assumes the question at issue. If the Peter Pace mortgage is foreclosed by the Day & Matlack proceeding, of course Mrs. Binkley is barred; but this is the matter to be determined. If it be foreclosed, it must be by vii'tue of the answer-of Peter Pace, taken as a cross-petition. The fact that it does not purport to be a cross-petition is not a fatal objection, if it contain averments and prayer sufficient for the relief sought.
Klonne v. Bradstreet, 7 Ohio St. 323. In this case, the court say that, under a cross-petition, relief may be granted, “if it contain a prayer for judgment, and the *37 necessary averments to show the party’s right to such relief.”
The courts of Indiana thus speak oftheir cross-complaint: “ The only real difference between a complaint and a cross-complaint is that the first is filed by the plaintiff' and the second by the defendant. Both contain a statement of the facts, and each demands affirmative relief upon the facts stated. In the making up of the issues, and the trial of questions of fact, the court is governed by the same principles of law and rules of practice in the one case as in the other. "When a defendant files a cross-complaint, and seeks affirmative relief, he becomes the plaintiff, and the plaintiff i n the original action becomes the defendant in the cross-complaint.” Ewing and others v. Patterson, 35 Ind. 330.
In Horine v. Moore, 14 B. Mon. 311, it is held that “in a proceeding by petition in equity, one defendant can not have a decree against a co-defendant, unless upon prayer for relief and service of process.”
In Miller & Rice v. Cravens, 2 Duval, 246, there was a cross-petition for foreclosure and sale in one of the answers. The mortgagors, who were made defendants to the original petition in the cause, and were so in court, were not made defendants to this cross-petition, and neither answered, nor were summoned to answer it. It was held that the court had no jurisdiction to decree foreclosure and sale, and that the decree to that effect was void. Miller v. McGalligan, 1 Greenl. 527; 2 Hill, 130; 5 Seld. 503.
It is held in Commercial Bank of Cincinnati v. Buckingham, 12 Ohio St. 402, that a decree against co-defendants, upon a cross-petition not asking such relief, is coram non judice, it being the exercise of a jurisdiction which had not been invoked.
As the answer of Peter Pace, therefore, even, if it be considered as a cross-petition, seeks no relief as against Mrs. Binkley, as it does not ask a foreclosure and sale, as she was not summoned to answer it, and did not appear and answer it, no decree could have been taken upon it which would have cut off her right of dower. Any decree *38 to that effect, if made, would have been void. She had the right to her day in court. She was entitled to know by some proper pleading against her, of which she should be duly notified, that action against her upon the Face mortgage was being, taken. In reply to such action she might have averred readiness to pay the debt. She might have gone further, and averred, with some degree of plausibility, that the proposed action must be arrested, because the; mortgage was not due for ttrree years, and at the end of that time she proposed to pay it.
Whether she would have had the right to ask that some portion of the proceeds, after paying the mortgage, should in some way inure to her benefit, has not been decided in this state so far as we are aware. Such a course has been pursued in New York (Denton v. Nanny, 8 Barb. 618; Vartie v. Underwood, 18 Barb. 562); and this course seems to have the approval of Mr. Scribner in his learned work (1 Scribner on Dower, 480).
It is at least clear that she had the right to appear and be heard in defense of her interests when they were attacked, and of such attack she should have been duly notified.
But no opportunity of this kind has been offered, and it can not be maintained that she is barred by a proceeding in which her rights have not been alluded to, and which did not purport to affect them.
The decree itself, upon which the land was sold, was an ordinary decree of sale, and did not in terms bar her dower, nor in anywise seek to affect her rights by name.
We therefore hold that the Face mortgage 'was not foreclosed by the Day & Matlack proceeding, and that Malinda Binkley, therefore, has the right to redeem and to have her dower assigned.

Judgment of district court affirmed.

Day, J., dissented.