Scott, J.
The action in the court below was brought by mortgagees and holders of vendor’s liens, to subject certain real estate of their debtor, Israel Stailey, to the satisfaction of their liens. The other lienholders, as well as Stailey and his wife, were made parties defendant. Among them was Susan Unger, the plaintiff in error, who held a mort *211 gage against the premises to secure a debt of $5,000 or more, due her from Stailey.
The property incumbered by the liens was sold by order of the court, and the proceeds were found to be insufficient to discharge all the liens. The questions made here arise on the order of the court below, making distribution of the fund arising from the sale.
One of the defendants, Adam Olay, who was made a party on his own motion, filed an answer, setting up “ that, April 1, 1871, he furnished, by way of advancement to pay judgments against Israel Stailey, then resting as liens upon the premises in the petition described, the sum of $400; that subsequent thereto Israel Stailey paid him, or refunded to him, $250, leaving unpaid $150; that the said judgments were rendered on notes given by Israel Stailey to secure the purchase money due plaintiff, remaining unpaid, upon said premises, and the said Adam Olay avers that in so advancing said money, so much of the amount of said judgments against the said Israel Stailey, with said lien upon said premises, became his own, and the payment by Israel Stailey of the $250 released his right only to that extent, leaving $150 still due the said Adam Olay, with the said lien upon said premises, all of which was then -well understood by the said Israel Stailey, and was agreed to between Israel Stailey and the said Adam Clay, and the said $150 balance is still unpaid, and the interest, $19.25, the whole amount, $169.25.’’
This claim was held by the court below to be a valid lien upon the premises, and priority was given to it over the mortgage of Susan Unger. Of this she complains, and as we think, not without reason.
A mere understanding between the borrower and lender of money, that the sum loaned shall be a lien upon the borrower’s real estate, can not affect the rights of bona fide mortgages. Nor is the case altered by the fact that the money was borrowed for the purpose of partially paying a judgment against the borrower. If the money borrowed by Stailey, was in fact so applied (which does not appear), the only effect would be, to extinguish, pro tanto, the judg *212 ment debt, aud its lien, and not to create or tranfer a lien. The judgment against Stailey gave him no lien which he could transfer, by an understanding, or otherwise. And it makes no difference that the debt evidenced by the judgment was for purchase money. A vendor’s lien is personal and can not, ordinarily, be transferred even by the vendor, much less by the sole act of the vendee. We all think the court below erred in directing the payment of this claim, and thereby diminishing the amount properly payable to the plaintiff' in error.
But another question, less easy of solution, arises on the record before us. Nancy Stailey, the wife of Israel Stailey (who was the principal defendant), answered in the case, setting up that she had a contingent right of dower in the premises. She admitted that as against the plaintiff’s claim, for which he held a vendor’s lien, she could not gainsay his right to have the premises sold free and discharged from her inchoate dower interest, yet she averred that the premises greatly exceeded in value the amount of the vendor’s lien and all other liens binding her interest in the premises ; and she asked that after the payment of all such liens, her contingent right of dower in the residue of the proceeds of sale should be protected, as against the other lienholders, and particularly as against the mortgage of plaintiff in error, to which she was not a party. The premises were accordingly sold free from Mrs. Stailey’s dower rights. By its order of distribution, the court provided for the payment in full of costs, taxes, and all the liens as against which Mrs. Stailey could not assert a right of dower; and finding that Susan Unger’s mortgage was the next lien, that it was subject to the contingent right of dower of Mrs. Stailey, and that the residue of the fund was insufficient for its payment in full, awarded to Susan Unger, against her exception, only two-thirds of such residue.
As to the remaining third, the court ordered it to be put at interest by the sheriff, that the interest accruing thereon should be paid to Susan Unger during the joint lives of Stailey and his wife; that if Stailey should die, leaving his *213 wife surviving him, the interest should then be paid to Mrs. Stailey during her life, and that upon her death the principal should be paid to Susan Unger.
We are not disposed to question the right of Mrs. Stailey, after the payment of all liens which bound her interest in the land, to have the benefit of her contingent right of dower in the surplus fund. She had a legal interest in the land in virtue of her marriage, and the seizin of her husban d. Though only inchoate, it was valuable, and she could not be deprived of it for the benefit of her husband’s creditors, except by her own voluntary act. Black v. Kuhlman, 30 Ohio St. 196.
The order of the court below, would secure all the contingent rights of Mrs. Stailey, if the fund should be safely kept at interest by the sheriff. Aud the mode adopted by the court would perhaps be unobjectionable, if assented to by Susan Unger, the mortgagee. A similar order was made in the case of Benton v. Nanny, 8 Barb. 618. Mr. Scribner, in his work on Dower, regards the intrinsic justice of protecting such contingent rights of dower as admitting of no doubt; though he sugests that the power of the court to make such an order, in the exercise of its ordinary equity jurisdiction, may be questionable. Vol. I. 478. We think that in protecting the contingent rights of the wife, a method should be adopted which will hot conflict with the clear rights of the husband’s creditors.
I think it was the clear right of Miss Unger,.as the mortgagee of Israel Stailey, to have his interest and estate in the premises sold, and to have the proceeds applied presently on her mortgage, in its order of priority; and to be at liberty to proceed by due course of law to collect the residue of her debt, if she could, from her debtor. The court below found that $3,745.62 remained after paying all claims in which Mrs. Stailey had released her dower. One-third of this sum — to wit, $1,248.62 — was placed in the hands of the sheriff, to secure her contingent dower interest. All of this latter sum, except so much as represented the value of her contingent dower, was equitably applicable to the *214 payment of Miss Unger’s mortgage, as it was the proceeds of her debtor’s interest in the mortgaged premises. But the order of the court places the whole of the latter sum beyond the reach of the mortgagee during the life of Mrs. Stailey; to be paid to the mortgagee or her heirs possibly thirty or forty years hence, if it shall not, in the meantime, have been wholly lost through the fault of a trustee appointed against her will. And, till the death of Mrs. Stailey, it can not be ascertained how much of the mortgage debt will be discharged by means of this proceeding and from this uncertainty the collection of the residue will be rendered difficult, if not impossible. We think the just claims of a mortgage creditor can not rightly be thus suspended during the life of the mortgagor’s wife, for the purpose of securing an inchoate right of dower.
We think all that Mrs. Stailey can ask is, that the value of her contingent interest in the surplus fund remaining after payment of the liens for which her interest is bound, shall be paid to her out of the fund; and to the residue, the plaintiff in error is entitled under her mortgage.
The value of such contingent interest maybe ascertained by reference to the tables of recognized authority on that subject, in connection with the state of health and constitutional vigor of the wife and her husband.
The order of distribution made by the court below will be reversed, so far as relates to the claim of Adam Clay, and so far as relates to the disposition of the surplus fund, and the case be remanded for distribution of said surplus funds as herein indicated.
Johnson atid Wrisht, J.J., dissented to all but the first proposition of the syllabus.