ANNA BONFOEY v. FRANK R. BONFOEY AND JAMES BAYNE.

*Mortgage—Dower.*

1. The inchoate right of dower is a contingent estate, which vests on the death of the husband, and it is entitled to protection as well before as after his death, and no act of the husband alone can prejudice it.

2. Where a husband, after purchasing land subject to a mortgage, executes a purchase-money mortgage thereon, in which his wife does not join, and then conveys the land by his sole deed subject to both mortgages, the wife will be entitled to dower in the equity of redemption only.[1]

---

[1] For cases bearing upon the question of the right of dower in mortgaged lands, and its admeasurement, see:

1. *Snyder v. Snyder*, 6 Mich. 470, holding that where, after the execution of a mortgage by husband and wife upon his land, the land is sold on an execution against the husband, and after the execution title has become absolute it is purchased by the holder of the mortgage, and he conveys the land as an entirety by warranty deed, it is fair to presume that he intended to regard the mortgage as extinguished as an independent security, but which extinguishment being made by himself, and he being, in virtue of his execution title, an assignee of the husband, the dower rights of the wife in the land are not enlarged, and will be admeasured by ascertaining the whole value of the land, and deducting therefrom the amount of the mortgage, and setting off such a portion of the land to the widow's use as the commissioners consider to be worth one-third of the residue.

2. *Young v. McKee*, 13 Mich. 552, 556, holding that the right of dower in land conveyed to a husband, and mortgaged back for purchase money, only attaches to the equity of redemption.

3. *Newton v. Sly*, 15 Mich. 391, holding that where a husband conveys land by his *sole* deed, subject to a partly paid purchase-

3. In estimating a widow's right of dower in land conveyed by her husband alone, subject to a purchase-money mortgage, only so much of the mortgage debt will be taken into account as remained unpaid at the time of such conveyance; citing *Newton v. Sly*, 15 Mich. 391.

4. A husband purchased several city lots subject to a mortgage, and secured the unpaid portion of the purchase money by a mortgage on the lots, in which his wife did not join. He then conveyed the lots by his sole deed, subject to both mortgages. The mortgages were foreclosed, and, on the refusal of the complainant to accept from the wife a tender of the amount due on the decree, she filed a petition in the suit to compel the complainant, on such payment being made, to assign to her the decree, and, upon the granting of her petition, she further petitioned the court to amend the decree so as to provide for the sale of the lots subject to her right of dower, which amendment was made, and the owner of the equity of redemption appealed. And it is held that the wife was entitled to dower in the equity of redemption only at the time of the conveyance of the land by her husband; and that, as her right can be protected by a sale of the mortgaged premises in parcels, the decree will be modified so as to provide for the sale of enough of the lots to satisfy the decree, after

money mortgage, and his grantees, after paying the remainder of the mortgage debt, convey the land by warranty deed, after which their grantee takes an assignment of the mortgage, the widow's right of dower in the land is taken subject only to so much of the mortgage as remained unpaid at the time of the conveyance of the land by the husband.

4. *Johnson v. Van Velsor*, 43 Mich. 208, holding that where a wife joins with her husband in an absolute deed of land which he has already mortgaged, her subsequent purchase of the property will not revive her original rights so as to enable her, in resisting the foreclosure of the mortgage, to claim dower rights in the land.

5. *Clapp v. Galloway*, 56 Mich. 272, holding that a wife's right of dower in lands held by her husband under a State land certificate which he has assigned as security for his debt cannot be affected by proceedings to enforce the security if the wife has never disposed of her interest; and the purchase by her of the right to redeem by taking a subsequent assignment of the certificate from her husband tends to strengthen, rather than to destroy, such right.

6. *Burrall v. Bender*, 61 Mich. 608, holding:

*a*—That where a husband, during the lifetime of his first wife, disposes of all of his property by will, and after her death remarries, and dies without changing his will or in any way providing for his second wife, her dower rights in his estate are the same is if he had died intestate, and are limited to lands whereof he was seised of an estate of inheritance at any time during the second marriage; and as to any such lands mortgaged before the

which the wife will be entitled to dower in the remainder of the lots.

Appeal from Kent. (Adsit, J.) Submitted on briefs March 9, 1894. Decided April 10, 1894.

Petition for the amendment of a decree on foreclosure. Defendant Bayne appeals. Decree modified and record remanded. The facts are stated in the opinion.

*C. O. Smedley* (*Benn M. Corwin*, of counsel), for petitioner.

*Wolcott & Ward*, for appellant.

GRANT, J. In 1891 complainant's husband purchased 10 lots and part of an eleventh in the city of Grand Rapids. The price paid was $2,500, subject to a mortgage of $550. Mr. Bonfoey executed a mortgage to secure part of the purchase price, in which the wife did not join. In May, 1891, Mr. Bonfoey traded the lots in question to

---

second marriage, or for purchase money, she is entitled to dower as against all persons except the mortgagees, and those claiming under them, and in such cases, as also where she joined in the mortgage during coverture, she has dower rights in any surplus realized on a foreclosure sale.

*b*—That where a husband dies testate, but without making any provision for a second wife, who survives him, and who joined with him in the execution of a mortgage upon his real estate during coverture, of which land he dies seised, subject to such incumbrance, the dower rights of the widow are subject to said mortgage, and, in determining the same, the amount owing upon the mortgage at the date of the husband's death should be deducted from the value of the mortgaged premises, and land set apart to the widow therefrom equal in value to one-third of the residue.

7. *Bowles v. Hoard*, 71 Mich. 150, holding that a wife who is entitled to dower under How. Stat. § 6246, which provides that where a divorce is decreed for certain specified misconduct of the husband the wife shall be entitled to dower in his lands in the same manner as if he were dead, is entitled to dower in the surplus arising upon the foreclosure sale under a mortgage executed by the husband prior to their marriage.

8. *Moore v. Smith*, 95 Mich. 71, holding that the dower and homestead rights of a wife in land mortgaged by her husband before their marriage give her the right to redeem from a statutory foreclosure of the mortgage.

defendant Bayne for a photograph gallery. Complainant refused to sign the deed to Bayne, and Bayne purchased the property subject to the mortgages, which were then owned by an attorney named Jamison. Payments had been made by Mr. Bonfoey and his wife, and about $800 remained due at the time of the transaction between Bayne and Mr. Bonfoey. Jamison at that time advised Mr. Bayne that, if Mrs. Bonfoey refused to sign the deed, her dower interest could be cut off by the foreclosure of the mortgages then owned by him. Shortly after the deal, Bonfoey filed a bill in chancery to set the transaction aside on the ground of fraud. He was defeated in this action, and therefore the question of fraud is *res judicata*. It is evident, however, that Mr. Bayne got the best of the transaction, and was therefore entirely willing to take the deed without the wife's signature. Mr. Jamison foreclosed the mortgages, and, the day before the sale was to be made under the decree, complainant borrowed money, and tendered Mr. Jamison the amount due upon his decree. Mr. Jamison refused to take it. She thereupon filed a petition in the suit, offering to pay the amount due, and asking that Mr. Jamison be compelled to assign the decree to her. This was ordered by the court, and the assignment made. Complainant thereupon petitioned the court to amend the decree so as to provide for the sale of the lands subject to her right of dower. This was so decreed, and the defendant Bayne appeals.

It is entirely clear from this record that there was an agreement between Mr. Jamison and Mr. Bayne that Mr. Jamison should foreclose the mortgages for the express purpose of cutting off complainant's right of dower. The inchoate right of dower is a contingent estate, which will become vested on the death of the husband, and is entitled to protection as well before as after it has become vested, and no act of the husband alone can prejudice this right.

*Denton v. Nanny,* 8 Barb. 618; *Mills v. Van Voorhies,* 20 N. Y. 412; *Davis v. Wetherell,* 13 Allen, 60; *Simar v. Canaday,* 53 N. Y. 298; Scrib. Dower, 481. The right of the wife to redeem and protect this interest is conceded by the defendant.

It is claimed by counsel for the complainant that there was a conspiracy between Jamison and Bayne to cut off her right by the foreclosure of the mortgages, that Bayne purchased subject to these mortgages and to her right of dower, and that therefore she is entitled to dower in the entire land. We do not think the transaction was such as to give her more than she before possessed. At the time of the conveyance by her husband she was entitled to dower in the equity of redemption only. Where a husband conveyed land to his sons, subject to a purchase-money mortgage, it was held that, in estimating the widow's right of dower in the land so conveyed, it must be taken subject only to so much of the purchase-money mortgage as remained unpaid at the time of the conveyance by the husband. *Newton v. Sly,* 15 Mich. 391. It would be inequitable to permit Bayne to deprive complainant of her right of dower in the equity of redemption which she refused to convey. It would be equally inequitable to give her dower in the entire land without contribution. *McCabe v. Bellows,* 7 Gray, 148. The value of the land at the time was $3,300. The mortgages were about $800. Two thousand five hundred dollars represented, therefore, all in which she had this inchoate right. Equity will direct that course which will best protect the interests of both parties. We think her right can be protected by a sale of the land in parcels. Enough can be sold to satisfy the mortgages, and she will then retain her right in the remainder. The decree will therefore be modified in this respect.

Were the land so situated that it could not be sold in parcels, it would seem reasonable that her dower should be

ascertained in the surplus, as was done in *Unger v. Leiter,* 32 Ohio St. 210, but upon that we express no opinion.

Defendant will recover costs in this Court. The case will be remanded to the court below, with instructions to proceed to sale in accordance with this opinion.

McGRATH, C. J., MONTGOMERY and HOOKER, JJ., concurred with GRANT, J.

LONG, J. I concur in the result reached by my Brother GRANT, except the question of costs. The complainant should not be compelled to pay costs to the defendant. I think no costs should be awarded either party in this Court.