tion by showing any act of the defendants tending to materially injure or destroy the property. But even in the broadest application of the section, it was not shown that a receiver was necessary to afford the plaintiff adequate relief. Upon its own papers, there is a sufficient equity in the property to satisfy the single judgment upon which alone this action is founded; and it is therefore adequately protected by the lis pendens which it has filed. It is a familiar rule that the court will not devest the owner of immovable and practically indestructible property of its possession before a final hearing, save in a clear case of fraud, where the plaintiff may sustain irreparable injury before final judgment can be had. The general rule is well stated by Mr. High in his work on Receivers (3d Ed., § 416):

"This extraordinary power," says the learned author, "is exercised with a considerable degree of caution when the contest is as to the title to real estate which is in possession of and claimed by third parties. Indeed, courts of equity are always averse to any interference with the legal title in limine; and when a creditor's judgment is not of itself a lien upon lands which have been conveyed by the debtor to third parties, and the only equity of the judgment creditor is a right to resort to the lands by setting aside the conveyance from the debtor, the party in possession under what purports to be the legal title will not be deprived of his possession by the appointment of a receiver, unless upon a strong case of danger to the property, and inability to respond to a decree because of insolvency."

In the case at bar, insolvency is not decisive of the application, because of the extent of the equity in the property. As to this equity, the plaintiff's case is weak upon the facts, and its conclusions are founded upon mere possibilities and suppositions. The properties conveyed are conceded to be worth $43,000. The mortgages thereon amount to but $30,000, while the plaintiff's judgments do not exceed $6,000. These are the material facts upon the question whether a receiver is necessary to give the plaintiff adequate relief. All else is mere matter of speculation. Thus the plaintiff "thinks" that in a short time the mortgages will be foreclosed, and, if so, that the property "may not bring" within 20 or 25 per cent. of its real value; and that there is not sufficient security in the premises to cover its claims and judgments "and others likely to come against it." As to the latter, it is sufficient to say that the plaintiff does not represent any other claims save its own. As to the former, the case is without substance. The plaintiff's suppositions rest entirely upon doubt or apprehension.

The order should be reversed, with $10 costs and disbursements, and the motion for a receiver pendente lite denied, with $10 costs. All concur; VAN BRUNT, P. J., in result.

---

(26 Misc. Rep. 67.)

CITIZENS' SAV. BANK v. MOONEY et al.

(Supreme Court, Special Term, New York County. January, 1899.)

1. DOWER—RIGHTS OF WIFE OF MORTGAGOR IN SURPLUS ON FORECLOSURE.
   Where a surplus remains on foreclosure, the wife of the mortgagor is entitled to receive neither a gross sum representing the value of her inchoate right of dower nor to have one-third of the income from the surplus devoted to her use; she can only have one-third of the surplus

invested for her benefit, to so remain during her life, the income to be paid to her after the husband's death, if she survive.

2. SAME—HUSBAND AND WIFE—SEPARATION.
The power of the court in this respect is not enlarged by the fact that the husband and wife have lived apart, under a judgment of separation, for many years. ·

Action by the Citizens' Savings Bank against James Mooney and others to foreclose a mortgage, in which there was a decree for plaintiff. On objection of Catherine Mooney to confirmation of the referee's report. Overruled.

Straley, Hasbrouck & Schloeder, for defendant James Mooney.
Henry Schmitt, for defendant Catherine Mooney.

RUSSELL, J. The only objection now urged to the confirmation of the referee's report is based upon the differing claims of the defendant James Mooney and his wife, Catherine Mooney. A large surplus, $11,150.08, arose upon the sale in foreclosure in this action, and the whole of this surplus, save slight deductions, goes to the defendant James Mooney, after providing for the dower right of his wife. The claim she presents by her counsel is that she should either receive the gross sum representing the value of an inchoate right of dower, based upon the tables providing for the ascertainment of the value of a life estate dependent upon survivorship, or that the income of one-third should be devoted to her use, the principal sum to be securely invested for that purpose.

An inchoate right of dower is an estate of substance, although conditional in its character, and one which may never be reduced to possession. As such estate, it must be provided for in disposing of the funds realized from the sale of the property to which it attaches, and gives to the possessor even a right of redemption to the extent of one-third of the estate lying under superior mortgages. But there is no right whatever to possession until the event comes which turns the inchoate right into one consummate, and therefore there is no equitable rule by which the use of the funds realized from the estate subject to dower can be given to the possible dowress. She has not even the right to possession by redemption as against the mortgagee. Bell v. Mayor, etc., 10 Paige, 49. She can only claim that one-third of the surplus moneys be invested for her benefit, to so remain during the joint lives of herself and husband and her own life in case of her survival. Denton v. Nanny, 8 Barb. 618. There is no provision of law which applies in foreclosure cases for the ascertainment of the value of an inchoate right of dower in gross, and therefore such a course cannot be followed. The fact that for many years the husband and wife have lived apart under a judgment of separation confers no greater power upon the court in dealing with the surplus moneys arising upon a foreclosure sale than would otherwise exist, whatever consideration might be given to such a circumstance were the application resting in discretion. The report of the referee must be confirmed, and, after paying for the costs and expenses to be provided for in the order, one-third of the balance should be invested at interest by the chamberlain during the joint lives of

the defendants James Mooney and Catherine Mooney and the life of Catherine Mooney should she survive the said James Mooney, the income to be paid until his death to the said James Mooney, and thereafter to Catherine, if she survive. After payment of the $309.50, claimed by the city of New York, out of the remaining two-thirds, the balance should be paid to the defendant James Mooney.

Ordered accordingly.